IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVANSTON POLICE PENSION FUND,<br><br>Plaintiff,<br><br>v.<br><br>MCKESSON CORPORATION, et al.,<br><br>Defendants. | Case No. 18-cv-06525-CRB<br><br>**ORDER CLARIFYING ORDER DENYING MOTION TO DISMISS AND DENYING LEAVE TO MOVE FOR RECONSIDERATION** |

The Court is in receipt of McKesson Corporation's Request for Leave to Move for Reconsideration and Clarification (dkt. 70), which urges the Court to reconsider its Order of October 31, 2019 (dkt. 67) denying McKesson's Motion to Dismiss (dkt. 49). To receive leave to file a motion for reconsideration, a party must demonstrate one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). McKesson appears to rely on the Rule's third prong, but fails to identify any unconsidered material facts or dispositive legal arguments.

McKesson misunderstands or misstates the Court's application of the core operations theory of scienter. McKesson's executives repeatedly claimed that generic drug price increases

were attributable to legitimate causes, such as supply disruptions. They also touted their intimate knowledge of the generic drug market and generic drug pricing. Given that knowledge, it is at least a question of fact whether the executives knew that the legitimate explanations they gave for generic drug price increases were entirely unsupported. Order at 18–20. McKesson argues that the core operations theory cannot demonstrate knowledge of third-party misconduct or bridge the gap between knowledge of pricing information and price fixing. Mot. at 3–6. But, for the reasons explained above, it can give rise to an inference that McKesson's executives knew they were giving false explanations for generic drug price increases.

McKesson's argument that the Court erred in its recklessness analysis is similarly misguided. Plaintiffs have adequately alleged that McKesson's executives were at least reckless as to the falsity of their unsupported explanations for the generic drug price increases. Order at 19. That logic does not require considering what the "executives would have known if they had taken different actions," as McKesson argues. Mot. at 8–9.

McKesson argues that "the Court improperly excused Plaintiff from compliance with the PSLRA's specificity requirement." Mot. at 7–8. It goes on to complain that Plaintiffs failed to allege with specificity the details of an antitrust conspiracy between generic drug manufacturers. But, as the Court has previously explained, Plaintiffs "allege[ ] specific, direct evidence of unlawful agreements between those companies' executives." Order at 14.

Finally, McKesson argues the Court's decision conflicts with Fleming v. Impax Laboratories Inc., No. 16-cv-06557-HSG, 2018 WL 4616291 (N.D. Cal. Sept. 7, 2018). The Court has already explained that "Impax is distinguishable." Order at 20.

McKesson is of course entitled to disagree with the Court's conclusions. But such disagreement does not warrant a motion for reconsideration that rehashes arguments the Court has already rejected or which fail to undermine the Court's analysis. See Civil L.R. 7-9(b). Accordingly, leave to move for reconsideration is DENIED.

The Court clarifies that its ruling on loss causation holds that Plaintiffs have pled loss causation only as to disclosures on January 11, 2016, and November 3, 2016. The October 27, 2016, and January 25, 2017, disclosures did not reveal new material information to the market.

**IT IS SO ORDERED.**

Dated:

CHARLES R. BREYER
United States District Judge