1  Sara B. Brody (SBN 130222)
   sbrody@sidley.com
2  Jaime A. Bartlett (SBN 251825)
   jbartlett@sidley.com
3  Sarah A. Hemmendinger (SBN 298659)
   shemmendinger@sidley.com
4  SIDLEY AUSTIN LLP
   555 California Street, Suite 2000
5  San Francisco, CA  94104
   Telephone:  (415) 772-1200
6
   Robin Wechkin (admitted pro hac vice)
7  rwechkin@sidley.com
   SIDLEY AUSTIN LLP
8  701 Fifth Avenue, Suite 4200
   Seattle, WA 98104
9  Telephone:  (206) 262-7680

10 Attorneys for Defendants McKesson Corporation
   John H. Hammergren and James Beer

11

12                     UNITED STATES DISTRICT COURT

13                    NORTHERN DISTRICT OF CALIFORNIA

14                          SAN FRANCISCO

15 EVANSTON POLICE PENSION FUND,              )  Case No. 3:18-cv-06525-CRB
   Individually and on Behalf of All Others Similarly )
16 Situated,                                  )  **ANSWER AND AFFIRMATIVE**
                                              )  **DEFENSES OF DEFENDANTS TO**
17            Plaintiff,                       )  **CONSOLIDATED CLASS ACTION**
                                              )  **COMPLAINT FOR VIOLATIONS OF**
18       vs.                                   )  **THE FEDERAL SECURITIES LAWS**
                                              )
19 MCKESSON CORPORATION, JOHN H.             )  Honorable Charles R. Breyer
   HAMMERGREN, and JAMES BEER,               )
20                                            )  JURY TRIAL DEMANDED
             Defendants.                      )
21                                            )
                                              )
22 ─────────────────────────────────────────)

23

24

25

26

27

28

Defendants McKesson Corporation, John H. Hammergren and James Beer ("Defendants"), through their undersigned attorneys, hereby answer the Consolidated Class Action Complaint for Violations of the Federal Securities Laws ("Complaint"). Defendants provide this answer subject to, and without waiving, their right to protect from disclosure any and all communications protected by the attorney-client privilege, the attorney work product doctrine, and any other applicable privilege or applicable discovery protection.

On October 30, 2019, this Court granted-in-part and denied-in-part Defendants' motion to dismiss the Complaint. The Court allowed Lead Plaintiff to proceed with respect to three categories of challenged statements, as defined in the Court's October 30, 2019 order: (1) "supply disruptions"; (2) "competitive market"; and (3) "financial results" to the extent they "put generic drug price increases at issue." *See* Dkt. 67 at 14-17. Defendants state that no response is required with respect to any alleged misrepresentations or omissions dismissed by the Court.

Except as expressly admitted herein, Defendants deny any and all allegations set forth in the Complaint. Defendants object to the section headings and subheadings (which are not repeated below) as argumentative, however, insofar as they purport to state factual allegations, Defendants deny each and every allegation in the section headings. Paragraph numbers in this Answer correspond to paragraph numbers in the Complaint and respond to the allegations in each such paragraph.

With regard to the unnumbered paragraphs on page one of the Complaint, Defendants admit that Pension Trust Fund for Operating Engineers ("Lead Plaintiff") was appointed lead plaintiff in this action by the Court. Defendants admit that Lead Plaintiff purports to bring this action for a "Class Period" which Lead Plaintiff defines as October 24, 2013 through January 25, 2017, inclusive. Defendants admit that Lead Plaintiff purports to bring this action on a class-action basis under the Securities Exchange Act of 1934 ("Exchange Act") against the Defendants. Defendants deny that class treatment in the manner set forth or for the time period alleged is appropriate, that Lead Plaintiff's purported claims are typical of the class or that Lead Plaintiff otherwise meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, and further deny that Lead Plaintiff has stated any claim again them under the Exchange Act, or that Lead Plaintiff or members of the

putative class are entitled to the requested relief, or any relief against Defendants.

Defendants further state that John Hammergren is the former Chief Executive Officer of McKesson Corporation ("McKesson") and state that James Beer is the former Chief Financial Officer of McKesson.  Defendants lack sufficient knowledge or information with which to admit or deny Lead Plaintiff's allegations about its personal knowledge or its counsel's purported investigation and whether or not any such investigation may or may not have occurred or relied on the documents and sources listed by Lead Plaintiff.  Except as so admitted, Defendants deny the factual allegations in the unnumbered paragraphs.

## RESPONSE TO ALLEGATIONS

AND NOW, incorporating the foregoing, Defendants further answer the allegations in the Complaint as follows:

1.      The allegations of this paragraph are argumentative and consist of legal conclusions to which no response is required.  Further, to the extent these allegations relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, no response is required.  Defendants otherwise deny the allegations in paragraph 1.

2.      Defendants state that McKesson's U.S. Pharmaceutical Distribution business supplied branded, specialty and generic pharmaceuticals to customers through three primary channels: (1) retail national accounts; (2) independent retail pharmacies; and (3) institutional healthcare providers, and respectfully refer the Court to McKesson's 10-Ks during the purported Class Period for a description of its business.  Defendants otherwise deny the allegations in paragraph 2.

3.      With respect to Lead Plaintiff's allegations regarding McKesson's financial results or growth rate, Defendants respectfully refer the Court to McKesson's 10-Ks for FY 2010 through FY 2013, which Lead Plaintiff appears to be referencing, for a complete and accurate statement of their contents.  The remaining allegations of this paragraph are argumentative and consist of legal conclusions to which no response is required.  Defendants otherwise deny the allegations in paragraph 3.

4.      Defendants admit that McKesson reported its financial results for Q2 2014 on October 24, 2013, and that its fiscal year ends March 31.  Defendants further admit that Lead

1   Plaintiff purports to bring this action for a "Class Period" which Lead Plaintiff defines as beginning

2   on October 24, 2013.  To the extent that Lead Plaintiff purports to paraphrase McKesson's Q2 2014

3   10-Q, that document speaks for itself and is the best statement of its contents.  To the extent that

4   Lead Plaintiff purports to paraphrase McKesson's Q2 2014 earnings call transcript, Defendants state

5   that transcripts are recorded by third parties, and to the extent the transcript differs from what was

6   actually said, Defendants deny the allegations.  In all other respects, the transcript speaks for

7   itself.  Defendants otherwise deny the allegations in paragraph 4.

8          5.      To the extent the allegations of this paragraph relate to portions of Lead Plaintiff's

9   claims that have been dismissed by the Court, no response is required.  Further, to the extent that

10  Lead Plaintiff purports to quote from or paraphrase the contents of Plaintiff States' Amended

11  Complaint in *In re Generic Pharms. Pricing Antitrust Litig.*, No. 17-3786 (16-MD-2724) (E.D. Pa.

12  Jun. 18, 2018) (ECF No. 15) ("AG Complaint"), an October 31, 2017 fact sheet released by the State

13  of Connecticut Attorney General, titled "Generic Drugs – Expanded Complaint," and a December 9,

14  2018 article in *The Washington Post* titled "Investigation of generic 'cartel' expands to 300 drugs,"

15  those documents speak for themselves and are the best statements of their contents.  Defendants

16  further state that none of the Defendants is named as a defendant in the AG Complaint, and

17  Defendants deny that they engaged in any of the unlawful conduct challenged in the AG Complaint.

18  To the extent any further response is required, Defendants deny the allegations as they relate to

19  Defendants and deny all other allegations because they lack sufficient knowledge or information to

20  form a belief as to the truth or falsity of the AGs' allegations regarding the conduct of others.

21  Defendants otherwise deny the allegations in paragraph 5.

22         6.      To the extent that Lead Plaintiff purports to rely upon the segment operating profit for

23  McKesson's Distribution Solutions segment reported in McKesson's 10-Ks, Defendants state that

24  McKesson's 10-Ks for FY 2010 through FY 2016 are the best statements of their contents and speak

25  for themselves.  The remaining allegations of this paragraph are argumentative and consist of legal

26  conclusions to which no response is required.  To the extent a further response is required,

27  Defendants deny the allegations in paragraph 6.

28         7.      To the extent the allegations of this paragraph relate to portions of Lead Plaintiff's

claims that have been dismissed by the Court, no response is required.  Defendants otherwise deny the allegations in paragraph 7.

8.    The allegations in paragraph 8 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 8.

9.    The allegations in paragraph 9 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.  To the extent a response is required, Defendants deny the allegations in paragraph 9.

10.    To the extent the allegations of this paragraph relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, no response is required.  Further, to the extent that Plaintiff purports to quote from or paraphrase the contents of the AG Complaint, that document speaks for itself and is the best statement of its contents.  Defendants further state that none of the Defendants is named as a defendant in the AG Complaint, and Defendants deny that they engaged in any of the unlawful conduct challenged in the AG Complaint.  To the extent any further response is required, Defendants deny the allegations as they relate to Defendants and deny all other allegations because they lack sufficient knowledge or information to form a belief as to the truth or falsity of the AGs' allegations regarding the conduct of others.  Defendants otherwise deny the allegations in paragraph 10.

11.    To the extent that Lead Plaintiff purports to quote from a February 1, 2019 article in *The Washington Post* titled "Prescription drug wholesalers reaped windfall from alleged price-fixing," that document speaks for itself and is the best statement of its contents.  Defendants otherwise deny the allegations in paragraph 11.

12.    To the extent that Lead Plaintiff purports to quote from or to paraphrase transcripts of Defendants' public statements, including at McKesson's June 25, 2014 Annual Investor Day, and June 24, 2015 Annual Investor Day, Defendants state that transcripts are recorded by third parties, and to the extent those transcripts differ from what was actually said, Defendants deny the allegations.  In all other respects, the transcripts speak for themselves.  To the extent that Lead Plaintiff purports to quote from a February 1, 2019 article in *The Washington Post* titled

4

"Prescription drug wholesalers reaped windfall from alleged price-fixing," that document speaks for itself and is the best statement of its contents.  Defendants otherwise deny the allegations in paragraph 12.

13.     The allegations in this paragraph are argumentative and consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 13.

14.     The allegations in this paragraph are argumentative and consist of legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations in paragraph 14.

15.     With respect to alleged price declines referred to in paragraph 15, Defendants respectfully refer the Court to publicly reported market services for the trading price of McKesson's common stock.  Defendants otherwise deny the allegations in paragraph 15.

16.     The allegations in paragraph 16 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

17.     To the extent these allegations relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, no response is required.  Further, to the extent that Lead Plaintiff purports to quote from or paraphrase transcripts of McKesson's Q2 2017 and Q3 2017 earnings calls, Defendants state that transcripts are recorded by third parties, and to the extent those transcripts differ from what was actually said, Defendants deny the allegations.  In all other respects, the transcripts speak for themselves.  With respect to alleged price declines referred to in paragraph 17, Defendants respectfully refer the Court to publicly reported market services for the trading price of McKesson's common stock.  Defendants otherwise deny the allegations in paragraph 17.

18.     Defendants respectfully refer the Court to the Forms 4 filed with the SEC in connection with any sales by Mr. Hammergren for a description of those sales.  Defendants otherwise deny the allegations in paragraph 18.

19.     To the extent that the allegations in paragraph 19 consist of legal conclusions, no answer is required.  With respect to the alleged price decline referred to in this paragraph, Defendants respectfully refer the Court to publicly reported market services for the trading price of

5

McKesson stock.  Defendants otherwise deny the allegations in paragraph 19.

20.     To the extent the allegations of paragraph 20 consist of legal conclusions, no response is required.  Defendants admit that Lead Plaintiff seeks to state claims against them under Sections 10(b), 20(a), and 20A of the Exchange Act.  Defendants otherwise deny the allegations in paragraph 20.

21.     To the extent that the allegations in paragraph 21 consist of legal conclusions, no response is required.  Defendants admit that Lead Plaintiff purports to base jurisdiction over the subject of this action on the statutes cited in paragraph 21.  Defendants otherwise deny the allegations in paragraph 21.

22.     To the extent that the allegations in paragraph 22 consist of legal conclusions, no response is required.  Defendants admit that Lead Plaintiff purports to base venue on the statutes cited in paragraph 22.  Defendants otherwise deny the allegations in paragraph 22.

23.     To the extent that the allegations in paragraph 23 consist of legal conclusions, no response is required.  Defendants admit that McKesson used the United States mail and/or a national securities exchange.

24.     Defendants deny that Lead Plaintiff suffered damages as a result of conduct alleged in the Complaint and otherwise deny information or knowledge sufficient to form a belief as to the truth or falsity of the allegations in paragraph 24, except to admit that on February 8, 2019, Pension Trust Fund For Operating Engineers was appointed Lead Plaintiff by order of this Court.

25.     Defendants admit that McKesson is incorporated in Delaware, and that its corporate headquarters were in San Francisco.  Effective April 1, 2019, McKesson's corporate headquarters moved to Las Colinas, Texas.  Defendants admit that McKesson's common stock trades under the ticker symbol "MCK" on the NYSE.

26.     Mr. Hammergren admits that he was elected president and CEO of McKesson in 2001 and chairman in 2002, and that he retired from McKesson, effective March 31, 2019.  The allegations of paragraph 26 are not directed at the remaining Defendants, and the remaining Defendants are not required to answer such allegations.

27.     Mr. Beer admits that he was executive vice president and chief financial officer of

1    McKesson from October 2013 through January 2018.  Mr. Beer admits that on December 18, 2017,

2    McKesson announced that he would be leaving the company to pursue a new opportunity.  The

3    allegations of paragraph 27 are not directed at the remaining Defendants, and the remaining

4    Defendants are not required to answer such allegations.

5          28.     No response is required to the definitional assertion in sentence one of paragraph 28.

6    To the extent the remaining allegations in paragraph 28 consist of legal conclusions, no response is

7    required.  Mr. Hammergren admits that as McKesson's CEO between 2001 and March 31, 2019, he

8    was involved in the Company's business and made statements on the Company's behalf.  Mr. Beer

9    admits that as McKesson's CFO between October 2013 and January 2018, he was involved in the

10   Company's business and made statements on the Company's behalf.  Defendants otherwise deny the

11   allegations in paragraph 28.

12         29.     To the extent the allegations in paragraph 29 consist of legal conclusions, no response

13   is required.  Defendants state that each Individual Defendant had access to drafts of the Company's

14   earnings call scripts, Q&A, and press releases as part of McKesson's process for earnings calls.

15   Defendants otherwise deny the allegations in paragraph 29.

16         30.      To the extent that Lead Plaintiff purports to paraphrase or quote from the January 31,

17   2012 Government Accountability Office ("GAO") report with the subject *Drug Pricing: Research*

18   *on Savings from Generic Drug Use*, that document speaks for itself and is the best statement of its

19   contents.  To the extent any further response is required, Defendants deny that the allegations in

20   paragraph 30 accurately and/or completely describe the process by which generic drugs are

21   manufactured, sold and distributed, and Defendants lack knowledge or information sufficient to form

22   a belief as to the truth or falsity of these allegations, and on that basis deny them.

23         31.     Defendants deny that the allegations in paragraph 31 accurately and/or completely

24   describe the process by which generic drugs are manufactured, sold and distributed, and Defendants

25   lack knowledge or information sufficient to form a belief as to the truth or falsity of these

26   allegations, and on that basis deny them.

27         32.     Defendants state that the allegations in paragraph 32 consist of matters of legal and

28   economic expert opinion to which no answer is required at this time.  To the extent any further

1    response is required, Defendants deny that the allegations accurately and/or completely describe the

2    process by which generic drugs are manufactured, sold and distributed, and Defendants lack

3    knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and

4    on that basis deny them.

5          33.    To the extent that Lead Plaintiff purports to quote from or paraphrase a January 8,

6    2014 letter from the National Community Pharmacists Association, Defendants state that the letter

7    speaks for itself and is the best statement of its contents.  To the extent any further response is

8    required, Defendants deny that the allegations accurately and/or completely describe the process by

9    which generic drugs are manufactured, sold and distributed, and Defendants lack knowledge or

10   information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis

11   deny them.

12         34.    To the extent that Lead Plaintiff purports to quote from the contents of the AG

13   Complaint, that document speaks for itself and is the best statement of its contents.  Defendants

14   further state that none of the Defendants is named as a defendant in the AG Complaint, and

15   Defendants deny that they engaged in any of the unlawful conduct challenged in the AG Complaint.

16   To the extent any further response is required, Defendants deny the allegations as they relate to

17   Defendants and deny all other allegations because they lack sufficient knowledge or information to

18   form a belief as to the truth or falsity of the AGs' allegations regarding the conduct of others.  To the

19   extent that Lead Plaintiff purports to quote from or paraphrase the contents of the August 2016 GAO

20   Report titled "Generic Drugs Under Medicare," that document speaks for itself and is the best

21   statement of its contents.  To the extent any further response is required, Defendants deny that the

22   allegations accurately and/or completely describe the process by which generic drugs are

23   manufactured, sold and distributed, and Defendants lack knowledge or information sufficient to form

24   a belief as to the truth or falsity of these allegations, and on that basis deny them.

25         35.    To the extent that Lead Plaintiff purports to quote from or paraphrase the contents of

26   the AG Complaint, that document speaks for itself and is the best statement of its contents.

27   Defendants further state that none of the Defendants is named as a defendant in the AG Complaint,

28   and Defendants deny that they engaged in any of the unlawful conduct challenged in the AG

1  Complaint.  To the extent any further response is required, Defendants deny the allegations as they

2  relate to Defendants and deny all other allegations because they lack sufficient knowledge or

3  information to form a belief as to the truth or falsity of the AGs' allegations regarding the conduct of

4  others.  To the extent any further response is required, Defendants deny the allegations in paragraph

5  35.

6       36.    To the extent that Lead Plaintiff purports to quote from or paraphrase the contents of

7  the AG Complaint, that document speaks for itself and is the best statement of its contents.

8  Defendants further state that none of the Defendants is named as a defendant in the AG Complaint,

9  and Defendants deny that they engaged in any of the unlawful conduct challenged in the AG

10 Complaint.  To the extent any further response is required, Defendants deny the allegations as they

11 relate to Defendants and deny all other allegations because they lack sufficient knowledge or

12 information to form a belief as to the truth or falsity of the AGs' allegations regarding the conduct of

13 others.  To the extent any further response is required, Defendants deny the allegations in paragraph

14 36.

15      37.    To the extent that Lead Plaintiff purports to quote from or paraphrase the allegations

16 of the AGs' Memorandum of Law in Support of Motion by Plaintiff States for a Separate

17 Government Track in the MDL, that document speaks for itself and is the best statement of its

18 contents.  Defendants further state that none of the Defendants is named as a defendant in the AG

19 Complaint, and Defendants deny that they engaged in any of the unlawful conduct challenged in the

20 AG Complaint.  To the extent any further response is required, Defendants deny the allegations as

21 they relate to Defendants and deny all other allegations because they lack sufficient knowledge or

22 information to form a belief as to the truth or falsity of the AGs' allegations regarding the conduct of

23 others.  To the extent any further response is required, Defendants deny the allegations in paragraph

24 37.

25      38.    Defendants admit that as publicly reported in January 2017 Glazer and Malek pleaded

26 guilty to antitrust charges, and Defendants respectfully refer the Court to the court documents filed

27 in those cases for a complete and accurate statement of their contents.  Defendants lack sufficient

28 knowledge or information to form a belief as to the truth or falsity of the quoted DOJ statement in

9

paragraph 38, and on that basis deny those allegations.

39.     To the extent that Lead Plaintiff purports to quote from or paraphrase the contents of a March 7, 2018 NPR Article titled "Probe Into Generic Drug Price Fixing Set to Widen," that document speaks for itself and is the best statement of its contents.  Defendants otherwise deny the allegations in paragraph 39.

40.     To the extent that Lead Plaintiff purports to quote from or paraphrase the contents of a December 10, 2018 article in *The Hartford Courant* titled "Connecticut-led probe of generic 'cartel' grows to 300 drugs," that document speaks for itself and is the best statement of its contents. Defendants otherwise deny the allegations in paragraph 40.

41.     Defendants state that McKesson was founded in 1833 as Olcott & McKesson. Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in paragraph 41 and on that basis deny them.

42.     Defendants state that McKesson's U.S. Pharmaceutical Distribution business supplied branded, specialty and generic pharmaceuticals to customers through three primary channels: (1) retail national accounts; (2) independent retail pharmacies; and (3) institutional healthcare providers, and respectfully refer the Court to McKesson's 10-Ks during the purported Class Period for a description of its business.  Defendants otherwise deny the allegations in paragraph 42.

43.     To the extent that Lead Plaintiff purports to paraphrase McKesson's fiscal year operating profit for the Distribution Solutions segment reported in McKesson's 10-Ks, Defendants respectfully refer the Court to McKesson's 10-Ks for FY 2010 – FY 2016 for a complete and accurate statement of their contents.  Defendants otherwise deny the allegations in paragraph 43.

44.     Defendants admit that McKesson held its Q4 2013 earnings call on May 7, 2013, and state that transcripts are recorded by third parties, and to the extent the earnings call transcript differs from what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks for itself.  To the extent a further response is required, Defendants deny the allegations in paragraph 44.

45.     To the extent that Lead Plaintiff purports to quote from a transcript of McKesson's 2013 Annual Investor Day, Defendants state that transcripts are recorded by third parties, and to the

10

1    extent the transcript differs from what was actually said, Defendants deny the allegations.  In all

2    other respects, the transcript speaks for itself.  Defendants admit that McKesson held its Q1 2014

3    earnings call on July 25, 2013, and that Mr. Hammergren was among the participants.  Defendants

4    state that transcripts are recorded by third parties, and to the extent the earnings call transcript differs

5    from what was actually said, Defendants deny the allegations.  In all other respects, the transcript

6    speaks for itself.  Defendants otherwise deny the allegations in paragraph 45.

7         46.    Defendants admit that McKesson held its earnings call for Q2 2014 on October 24,

8    2013 and that Mr. Hammergren was among the participants.  Defendants state that transcripts are

9    recorded by third parties, and to the extent the earnings call transcript differs from what was actually

10   said, Defendants deny the allegations.  In all other respects, the transcript speaks for itself.

11   Defendants otherwise deny the allegations in paragraph 46.

12        47.    Defendants admit that McKesson held its earnings call for Q2 2014 on October 24,

13   2013, and that on that call the company provided updated full-year guidance.  Defendants state that

14   transcripts are recorded by third parties, and to the extent the earnings call transcript differs from

15   what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks

16   for itself.  Defendants otherwise deny the allegations in paragraph 47.

17        48.    To the extent that the allegations of paragraph 48 purport to be a summary of

18   transcripts of unspecified earnings calls or investor conferences, Defendants state that such

19   transcripts are recorded by third parties, and to the extent those transcripts differ from what was

20   actually said, Defendants deny the allegations.  In all other respects, the transcripts speak for

21   themselves.  Defendants otherwise deny the allegations in paragraph 48.

22        49.    Defendants admit that on February 25, 2014, McKesson presented at the Citi Global

23   Healthcare Conference, and that Mr. Beer was among the participants.  Defendants state that

24   transcripts are recorded by third parties, and to the extent the presentation transcript differs from

25   what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks

26   for itself.  Defendants otherwise deny the allegations in paragraph 49.

27        50.    Defendants admit that on June 25, 2014 McKesson held its Annual Investor Day

28   presentation and that on May 12, 2014, McKesson held its Q4 2014 earnings call, and that Mr. Beer

1   was among the participants on these calls or presentations.  Defendants state that transcripts are

2   recorded by third parties, and to the extent the presentation transcript differs from what was actually

3   said, Defendants deny the allegations.  In all other respects, the transcript speaks for itself.

4   Defendants otherwise deny the allegations in paragraph 50.

5        51.    Defendants admit that on July 31, 2014, McKesson held its Q1 2015 earnings call,

6   and that Mr. Beer was among the participants.  Defendants state that transcripts are recorded by third

7   parties, and to the extent the earnings call transcript differs from what was actually said, Defendants

8   deny the allegations.  In all other respects, the transcript speaks for itself.  Defendants otherwise

9   deny the allegations in paragraph 51.

10       52.    Defendants admit that on September 9, 2014, McKesson presented at the Morgan

11  Stanley Healthcare Conference, and that Mr. Beer was among the participants.  Defendants state that

12  transcripts are recorded by third parties, and to the extent the presentation transcript differs from

13  what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks

14  for itself.  Defendants otherwise deny the allegations in paragraph 52.

15       53.    Defendants admit that on March 3, 2015, McKesson presented at the Cowen & Co.

16  Healthcare Conference, and that Mr. Beer was among the participants.  Defendants state that

17  transcripts are recorded by third parties, and to the extent the presentation transcript differs from

18  what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks

19  for itself.  Defendants otherwise deny the allegations in paragraph 53.

20       54.    Defendants admit that on May 13, 2015, McKesson presented at the Bank of America

21  Merrill Lynch Healthcare Conference, and that Mr. Beer was among the participants.  Defendants

22  state that transcripts are recorded by third parties, and to the extent the presentation transcript differs

23  from what was actually said, Defendants deny the allegations.  In all other respects, the transcript

24  speaks for itself.  Defendants otherwise deny the allegations in paragraph 54.

25       55.    Defendants admit that on September 16, 2015, McKesson presented at the Morgan

26  Stanley Global Healthcare Conference, and that Mr. Beer was among the participants.  Defendants

27  state that transcripts are recorded by third parties, and to the extent the presentation transcript differs

28  from what was actually said, Defendants deny the allegations.  In all other respects, the transcript

1    speaks for itself.  Defendants otherwise deny the allegations in paragraph 55.

2         56.    Defendants admit that on January 11, 2016, McKesson held a Guidance / Update call,

3    and that Mr. Hammergren was among the participants.  Defendants state that transcripts are recorded

4    by third parties, and to the extent the Guidance / Update call transcript differs from what was

5    actually said, Defendants deny the allegations.  In all other respects, the transcript speaks for itself.

6    With respect to alleged stock price increases referred to in paragraph 56, Defendants respectfully

7    refer the Court to publicly reported market services for the trading price of McKesson's common

8    stock.  Defendants otherwise deny the allegations in paragraph 56.

9         57.    Defendants deny the allegations in paragraph 57.

10        58.    The allegations of this paragraph are argumentative and state hypotheticals to which

11   no response is required.  To the extent any further response is required, Defendants deny the

12   allegations in paragraph 58.

13        59.    The allegations of this paragraph are argumentative and state hypotheticals to which

14   no response is required.  To the extent any further response is required, Defendants deny the

15   allegations in paragraph 59.

16        60.    The allegations of this paragraph are argumentative and state hypotheticals to which

17   no response is required.  To the extent any further response is required, Defendants deny the

18   allegations in paragraph 60.

19        61.    The allegations of this paragraph are argumentative and state hypotheticals to which

20   no response is required.  To the extent any further response is required, Defendants deny the

21   allegations in paragraph 61.

22        62.    To the extent that plaintiffs purports to paraphrase or quote from transcripts of

23   McKesson's Q4 2013 earnings call and McKesson's Q3 2016 earnings call, Defendants state that

24   transcripts are recorded by third parties, and to the extent those transcripts differ from what was

25   actually said, Defendants deny the allegations.  In all other respects, the transcripts speak for

26   themselves.  Defendants otherwise deny the allegations of paragraph 62.

27        63.    To the extent that Lead Plaintiff purports to paraphrase or quote from transcripts of

28   McKesson's October 24, 2013 Q2 2014 earnings call, McKesson's November 12, 2013 presentation

13

at the Credit Suisse Annual Healthcare Conference, McKesson's January 13, 2014 presentation at the J.P. Morgan Annual Healthcare Conference, McKesson's September 9, 2014 presentation at the Morgan Stanley Healthcare Conference, and McKesson's June 24, 2015 Annual Investor Day, Defendants state that transcripts are recorded by third parties, and to the extent those transcripts differ from what was actually said, Defendants deny the allegations.  In all other respects, the transcripts speak for themselves.  Defendants otherwise deny the allegations in paragraph 63.

64.     To the extent that Lead Plaintiff purports to paraphrase or quote from transcripts of McKesson's May 20, 2014 presentation at the UBS Global Healthcare Conference, McKesson's June 11, 2014 presentation at the Goldman Sachs Global Healthcare Conference, McKesson's Q&A session at the January 13, 2015 J.P. Morgan Healthcare Conference, McKesson's March 3, 2015 presentation at the Cowen & Co. Healthcare Conference, McKesson's June 9, 2015 presentation at the Goldman Sachs Healthcare Conference, and McKesson's June 24, 2015 Annual Investor Day, Defendants state that transcripts are recorded by third parties, and to the extent those transcripts differ from what was actually said, Defendants deny the allegations.  In all other respects, the transcripts speak for themselves.  Defendants otherwise deny the allegations in paragraph 64.

65.     To the extent that the allegations of paragraph 65 relate to Defendants, Defendants deny these allegations, and deny all other allegations because they lack sufficient knowledge or information to form a belief as to the truth or falsity of allegations regarding the conduct of others. Defendants otherwise deny the allegations in paragraph 65.

66.     The allegations in paragraph 66 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

67.     The allegations in paragraph 67 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

68.     The allegations in paragraph 68 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

69.     The allegations in paragraph 69 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

70.     The allegations in paragraph 70 relate to portions of Lead Plaintiff's claims that have

14

1   been dismissed by the Court.  Defendants are not required to answer these allegations.

2       71.    The allegations in paragraph 71 relate to portions of Lead Plaintiff's claims that have

3   been dismissed by the Court.  Defendants are not required to answer these allegations.

4       72.    The allegations in paragraph 72 relate to portions of Lead Plaintiff's claims that have

5   been dismissed by the Court.  Defendants are not required to answer these allegations.

6       73.    The allegations in paragraph 73 relate to portions of Lead Plaintiff's claims that have

7   been dismissed by the Court.  Defendants are not required to answer these allegations.

8       74.    The allegations in paragraph 74 relate to portions of Lead Plaintiff's claims that have

9   been dismissed by the Court.  Defendants are not required to answer these allegations.

10      75.    The allegations in paragraph 75 relate to portions of Lead Plaintiff's claims that have

11  been dismissed by the Court.  Defendants are not required to answer these allegations.

12      76.    The allegations in paragraph 76 relate to portions of Lead Plaintiff's claims that have

13  been dismissed by the Court.  Defendants are not required to answer these allegations.

14      77.    The allegations in paragraph 77 relate to portions of Lead Plaintiff's claims that have

15  been dismissed by the Court.  Defendants are not required to answer these allegations.

16      78.    The allegations in paragraph 78 relate to portions of Lead Plaintiff's claims that have

17  been dismissed by the Court.  Defendants are not required to answer these allegations.

18      79.    To the extent the allegations of this paragraph relate to portions of Lead Plaintiff's

19  claims that have been dismissed by the Court, no response is required.  Further, to the extent that

20  Lead Plaintiff purports to quote from transcripts of McKesson's May 13, 2015 presentation at the

21  Bank of America Merrill Lynch Healthcare Conference, McKesson's June 24, 2015 Annual Investor

22  Day, McKesson's July 29, 2015 Q1 2016 earnings call, McKesson's November 10, 2015

23  presentation at the Credit Suisse Healthcare Conference, McKesson's January 27, 2016 Q3 2016

24  earnings call, McKesson's September 13, 2016 presentation at the Morgan Stanley Global

25  Healthcare Conference, and McKesson's November 8, 2016 presentation at the Credit Suisse

26  Healthcare Conference, Defendants state that transcripts are recorded by third parties, and to the

27  extent those transcripts differ from what was actually said, Defendants deny the allegations.  In all

28  other respects, the transcripts speak for themselves.  Defendants otherwise deny the allegations in

paragraph 79.

80.     To the extent that the allegations of paragraph 80 relate to Defendants, Defendants deny these allegations, and deny all other allegations because they lack sufficient knowledge or information to form a belief as to the truth or falsity of allegations regarding the conduct of others. Defendants otherwise deny the allegations in paragraph 80.

81.     To the extent that Lead Plaintiff purports to quote from a February 1, 2019 article in *The Washington Post* titled "Prescription drug wholesalers reaped windfall from alleged price-fixing" or an October 31, 2017 fact sheet released by the State of Connecticut Attorney General, titled "Generic Drugs – Expanded Complaint," those documents speak for themselves and are the best statements of their contents.  Defendants otherwise deny the allegations in paragraph 81.

82.     Defendants deny the allegations in paragraph 82.

83.     To the extent that Lead Plaintiff purports to quote from transcripts of McKesson's May 15, 2013 presentation at the Bank of America Merrill Lynch Healthcare Conference, McKesson's September 30, 2014 presentation at the Leerink Partners Rare Disease Roundtable and McKesson's June 29, 2016 Annual Investor Day, Defendants state that transcripts are recorded by third parties, and to the extent those transcripts differ from what was actually said, Defendants deny the allegations.  In all other respects, the transcripts speak for themselves.  Defendants otherwise deny the allegations in paragraph 83.

84.     To the extent that the allegations in paragraph 84 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, no response is required.  Defendants otherwise deny the allegations in paragraph 84.

85.     The allegations in paragraph 85 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

86.     The allegations in paragraph 86 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

87.     To the extent that the allegations in paragraph 87 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, no response is required.  To the extent that Lead Plaintiff purports to quote from or paraphrase transcripts of McKesson's June 26, 2013 Annual

16

Investor Day presentation, McKesson's January 13, 2014 presentation at the J.P. Morgan Healthcare Conference, and McKesson's January 30, 2014 Q3 2014 earnings call, Defendants state that transcripts are recorded by third parties, and to the extent those transcripts differ from what was actually said, Defendants deny the allegations.  In all other respects, the transcripts speak for themselves.  Defendants otherwise deny the allegations in paragraph 87.

88.    The allegations in paragraph 88 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

89.    The allegations in paragraph 89 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

90.    The allegations in paragraph 90 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

91.    The allegations in paragraph 91 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

92.    The allegations in paragraph 92 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

93.    To the extent that Lead Plaintiff purports to quote from or paraphrase the contents of the AG Complaint, that document speaks for itself and is the best statement of its contents. Defendants further state that none of the Defendants is named as a defendant in the AG Complaint, and Defendants deny that they engaged in any of the unlawful conduct challenged in the AG Complaint.  To the extent any further response is required, Defendants deny the allegations as they relate to Defendants and deny all other allegations because they lack sufficient knowledge or information to form a belief as to the truth or falsity of the AGs' allegations regarding the conduct of others.  To the extent any further response is required, Defendants deny the allegations in paragraph 93.

94.    To the extent that Lead Plaintiff purports to quote from or paraphrase the contents of the AG Complaint, that document speaks for itself and is the best statement of its contents. Defendants further state that none of the Defendants is named as a defendant in the AG Complaint, and Defendants deny that they engaged in any of the unlawful conduct challenged in the AG

1   Complaint.  To the extent any further response is required, Defendants deny the allegations as they

2   relate to Defendants and deny all other allegations because they lack sufficient knowledge or

3   information to form a belief as to the truth or falsity of the AGs' allegations regarding the conduct of

4   others.  To the extent any further response is required, Defendants deny the allegations in paragraph

5   94.

6   95.   To the extent that Lead Plaintiff purports to quote from or paraphrase the contents of

7   the AG Complaint, that document speaks for itself and is the best statement of its contents.

8   Defendants further state that none of the Defendants is named as a defendant in the AG Complaint,

9   and Defendants deny that they engaged in any of the unlawful conduct challenged in the AG

10  Complaint.  To the extent any further response is required, Defendants deny the allegations as they

11  relate to Defendants and deny all other allegations because they lack sufficient knowledge or

12  information to form a belief as to the truth or falsity of the AGs' allegations regarding the conduct of

13  others.  To the extent any further response is required, Defendants deny the allegations in paragraph

14  95.

15  96.   The allegations in paragraph 96 relate to portions of Lead Plaintiff's claims that have

16  been dismissed by the Court.  Defendants are not required to answer these allegations.

17  97.   The allegations in paragraph 97 relate to portions of Lead Plaintiff's claims that have

18  been dismissed by the Court.  Defendants are not required to answer these allegations.

19  98.   The allegations in paragraph 98 relate to portions of Lead Plaintiff's claims that have

20  been dismissed by the Court.  Defendants are not required to answer these allegations.

21  99.   The allegations in paragraph 99 relate to portions of Lead Plaintiff's claims that have

22  been dismissed by the Court.  Defendants are not required to answer these allegations.

23  100.   The allegations in paragraph 100 relate to portions of Lead Plaintiff's claims that

24  have been dismissed by the Court.  Defendants are not required to answer these allegations.

25  101.   The allegations in paragraph 101 relate to portions of Lead Plaintiff's claims that

26  have been dismissed by the Court.  Defendants are not required to answer these allegations.

27  102.   The allegations in paragraph 102 relate to portions of Lead Plaintiff's claims that

28  have been dismissed by the Court.  Defendants are not required to answer these allegations.

18

103.     The allegations in paragraph 103 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.

104.     To the extent the allegations in paragraph 104 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, no response is required.  Defendants further state that the allegations in paragraph 104 consist of matters of legal and economic expert opinion to which no answer is required at this time.  To the extent a further response is required, Defendants state that to the extent the allegations of paragraph 104 relate to the actions of generics manufacturers, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 104.

105.     To the extent the allegations in paragraph 105 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, no response is required.  Defendants further state that the allegations in paragraph 105 consist of matters of legal and economic expert opinion to which no answer is required at this time.  To the extent a further response is required, Defendants state that to the extent the allegations of paragraph 105 relate to the actions of generics manufacturers, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 105.

106.     The allegations in paragraph 106 consist of legal conclusions to which no response is required.

107.     The allegations in paragraph 107 consist of legal conclusions to which no response is required.

108.     To the extent the allegations in paragraph 108 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, no response is required.  Defendants further state that the allegations in paragraph 108 consist of matters of legal and economic expert opinion to which no answer is required at this time.  To the extent a further response is required, Defendants state that to the extent the allegations of paragraph 108 relate to the actions of generics manufacturers, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of

19

these allegations, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 108.

109.    The allegations in paragraph 109 consist of matters of legal and economic expert opinion to which no response is required at this time.  To the extent a further response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis deny them.

110.    To the extent the allegations in paragraph 110 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, no response is required.  Defendants further state that the allegations in paragraph 110 consist of matters of legal and economic expert opinion to which no answer is required at this time.  To the extent a further response is required, Defendants state that to the extent the allegations of paragraph 110 relate to the actions of generics manufacturers, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 110.

111.    To the extent the allegations in paragraph 111 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, no response is required.  Defendants further state that the allegations in paragraph 111 consist of matters of legal and economic expert opinion to which no answer is required at this time.  To the extent a further response is required, Defendants state that to the extent the allegations of paragraph 111 relate to the actions of generics manufacturers, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of these allegations, and on that basis deny them.  Defendants otherwise deny the allegations in paragraph 111.

112.    To the extent the allegations in paragraph 112 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, no response is required.  Defendants further state that the allegations in paragraph 112 consist of matters of legal and economic expert opinion to which no answer is required at this time.  To the extent a further response is required, Defendants state that to the extent the allegations of paragraph 112 relate to the actions of generics manufacturers, Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of

20

1   these allegations, and on that basis deny them.  Defendants otherwise deny the allegations in

2   paragraph 112.

3         113.    To the extent the allegations in paragraph 113 relate to portions of Lead Plaintiff's

4   claims that have been dismissed by the Court, no response is required.  Defendants further state that

5   the allegations in paragraph 113 consist of matters of legal and economic expert opinion to which no

6   answer is required at this time.  To the extent a further response is required, Defendants state that to

7   the extent the allegations of paragraph 113 relate to the actions of generics manufacturers,

8   Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of

9   these allegations, and on that basis deny them.  Defendants otherwise deny the allegations in

10  paragraph 113.

11        114.    The allegations in paragraph 114 consist of matters of legal and economic expert

12  opinion to which no response is required at this time.  To the extent a further response is required,

13  Defendants state that to the extent the allegations of paragraph 114 relate to the actions of generics

14  manufacturers, Defendants lack knowledge or information sufficient to form a belief as to the truth

15  or falsity of these allegations, and on that basis deny them.  Defendants otherwise deny the

16  allegations in paragraph 114.

17        115.    The allegations in paragraph 115 consist of matters of legal and economic or other

18  expert opinion to which no response is required at this time.  To the extent a further response is

19  required, Defendants state that to the extent the allegations of paragraph 115 relate to the actions of

20  generics manufacturers, Defendants lack knowledge or information sufficient to form a belief as to

21  the truth or falsity of these allegations, and on that basis deny them.  Defendants otherwise deny the

22  allegations in paragraph 115.

23        116.    To the extent that allegations of paragraph 116 relate to portions of Lead Plaintiff's

24  claims that have been dismissed by the Court, no response is required.  Defendants further state that

25  the allegations in paragraph 116 consist of matters of legal and economic expert opinion to which no

26  answer is required at this time.  To the extent a further response is required, Defendants state that to

27  the extent the allegations of paragraph 116 relate to the actions of generics manufacturers,

28  Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of

1   these allegations, and on that basis deny them.  Defendants otherwise deny the allegations in

2   paragraph 116.

3        117.    To the extent that the allegations of paragraph 117 relate to portions of Lead

4   Plaintiff's claims that have been dismissed by the Court, no response is required.  Further, to the

5   extent that Plaintiff purports to quote from or paraphrase the contents of the AG Complaint, that

6   document speaks for itself and is the best statement of its contents.  Defendants further state that

7   none of the Defendants is named as a defendant in the AG Complaint, and Defendants deny that they

8   engaged in any of the unlawful conduct challenged in the AG Complaint.  To the extent any further

9   response is required, Defendants deny the allegations as they relate to Defendants and deny all other

10  allegations because they lack sufficient knowledge or information to form a belief as to the truth or

11  falsity of the AGs' allegations regarding the conduct of others.  To the extent any further response is

12  required, Defendants deny the allegations in paragraph 117.

13       118.    To the extent that the allegations of paragraph 118 relate to portions of Lead

14  Plaintiff's claims that have been dismissed by the Court, no response is required.  Defendants admit

15  that McKesson is a member of the Healthcare Distribution Alliance ("HDA"), and that McKesson

16  personnel have attended HDA conferences.  Defendants otherwise deny the allegations in paragraph

17  118.

18       119.    To the extent that the allegations of paragraph 119 relate to portions of Lead

19  Plaintiff's claims that have been dismissed by the Court, no response is required.  Defendants admit

20  that McKesson is a member of the HDA, that McKesson personnel have held leadership roles in

21  HDA, and that McKesson personnel have attended HDA conferences.  Further, to the extent that the

22  remaining allegations in paragraph 119 relate to Defendants, Defendants deny these allegations, and

23  deny all other allegations because they lack sufficient knowledge or information to form a belief as

24  to the truth or falsity of allegations regarding the conduct of others.  Defendants otherwise deny the

25  allegations in paragraph 119.

26       120.    To the extent that the allegations of paragraph 120 relate to portions of Lead

27  Plaintiff's claims that have been dismissed by the Court, no response is required.  To the extent that

28  any response is required, with respect to the first sentence of paragraph 120, which Lead Plaintiff

1    appears to be quoting from a version of the AAM website, Defendants respectfully refer the Court to

2    the AAM website as the best statement of its contents.  Further, to the extent that the remaining

3    allegations in paragraph 120 relate to Defendants, Defendants deny these allegations, and deny all

4    other allegations because they lack sufficient knowledge or information to form a belief as to the

5    truth or falsity of allegations regarding the conduct of others.  Defendants otherwise deny the

6    allegations in paragraph 120.

7          121.    The allegations in paragraph 121 relate to portions of Lead Plaintiff's claims that

8    have been dismissed by the Court.  Defendants are not required to answer these allegations.  To the

9    extent that a response is required, Defendants state that to the extent that Lead Plaintiff purports to

10   quote from the transcripts of McKesson's Q1 2014 earnings call, McKesson's January 11, 2016

11   Guidance / Update call, McKesson's Q3 2014 earnings call, or McKesson's June 24, 2015 Annual

12   Investor Day, Defendants state that transcripts are recorded by third parties, and to the extent those

13   transcripts differ from what was actually said, Defendants deny the allegations.  In all other respects,

14   the transcripts speak for themselves.  Further, to the extent that Lead Plaintiff purports to quote from

15   or paraphrase the contents of the AG Complaint, that document speaks for itself and is the best

16   statement of its contents.  Defendants further state that none of the Defendants is named as a

17   defendant in the AG Complaint, and Defendants deny that they engaged in any of the unlawful

18   conduct challenged in the AG Complaint.  To the extent any further response is required, Defendants

19   deny the allegations as they relate to Defendants and deny all other allegations because they lack

20   sufficient knowledge or information to form a belief as to the truth or falsity of the AGs' allegations

21   regarding the conduct of others.  Defendants otherwise deny the allegations in paragraph 121.

22         122.    To the extent that Lead Plaintiff purports to quote from or paraphrase transcripts of

23   McKesson's June 24, 2015 Annual Investor Day, McKesson's Q2 2014 earnings call, or other

24   unspecified public statements, Defendants state that transcripts are recorded by third parties, and to

25   the extent those transcripts differ from what was actually said, Defendants deny the allegations.  In

26   all other respects, the transcripts speak for themselves.  Defendants admit that McKesson held its Q3

27   2014 earnings call on January 30, 2014 and that Mr. Hammergren was among the participants, and

28   state that transcripts are recorded by third parties, and to the extent the transcript differs from what

1   was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks for

2   itself.  Defendants otherwise deny the allegations in paragraph 122.

3       123.    To the extent that Lead Plaintiff purports to quote from or paraphrase a transcript of

4   McKesson's June 24, 2015 Annual Investor Day, Defendants state that transcripts are recorded by

5   third parties, and to the extent the transcript differs from what was actually said, Defendants deny the

6   allegations.  In all other respects, the transcript speaks for itself.  Defendants admit that McKesson

7   presented at the 2014 J.P. Morgan Healthcare Conference and that Mr. Hammergren was among the

8   participants, and state that transcripts are recorded by third parties, and to the extent the conference

9   transcript differs from what was actually said, Defendants deny the allegations.  In all other respects,

10  the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph 123.

11      124.    Defendants admit that on October 24, 2013, McKesson held earnings call for Q2

12  2014 and that Mr. Hammergren was among the participants, and state that transcripts are recorded

13  by third parties, and to the extent the earnings call transcript differs from what was actually said,

14  Defendants deny the allegations.  In all other respects, the transcript speaks for itself.  Defendants

15  otherwise deny the allegations in paragraph 124.

16      125.    Defendants admit that on June 29, 2016, McKesson held its 2016 Annual Investor

17  Day and that Mr. Hammergren was among the participants, and state that transcripts are recorded by

18  third parties, and to the extent the presentation transcript differs from what was actually said,

19  Defendants deny the allegations.  In all other respects, the transcript speaks for itself.  Defendants

20  further admit that on November 8, 2016 McKesson presented at the Credit Suisse Healthcare

21  Conference and that Mr. Hammergren was among the participants, and state that transcripts are

22  recorded by third parties, and to the extent the presentation transcript differs from what was actually

23  said, Defendants deny the allegations.  In all other respects, the transcript speaks for itself.

24  Defendants otherwise deny the allegations in paragraph 125.

25      126.    Defendants admit that on June 25, 2014, McKesson held its 2014 Annual Investor

26  Day and state that transcripts are recorded by third parties, and to the extent the presentation

27  transcript differs from what was actually said, Defendants deny the allegations.  In all other respects,

28  the transcript speaks for itself.  Defendants further admit that on July 31, 2014, McKesson held its

24

1   Q1 2015 earnings call and that Mr. Hammergren was among the participants, and state that

2   transcripts are recorded by third parties, and to the extent the earnings call transcript differs from

3   what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks

4   for itself.  Defendants further admit that on June 11, 2014, McKesson presented at the Goldman

5   Sachs Global Healthcare Conference and that Mr. Beer was among the participants, and state that

6   transcripts are recorded by third parties, and to the extent the presentation transcript differs from

7   what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks

8   for itself.  Defendants otherwise deny the allegations in paragraph 126.

9          127.    To the extent that the allegations in paragraph 127 purport to paraphrase or quote

10   from a transcript of McKesson's June 24, 2015 Annual Investor Day, Defendants state that

11   transcripts are recorded by third parties, and to the extent the transcript differs from what was

12   actually said, Defendants deny the allegations.  In all other respects, the transcript speaks for itself.

13   Defendants otherwise deny the allegations in paragraph 127.

14          128.    To the extent that the allegations in paragraph 128 purport to paraphrase or

15   summarize the transcripts of unspecified public statements, Defendants state that transcripts are

16   recorded by third parties, and to the extent those transcripts differ from what was actually said,

17   Defendants deny the allegations.  In all other respects, the transcripts speak for themselves.

18   Defendants otherwise deny the allegations in paragraph 128.

19          129.    To the extent that the allegations in paragraph 129 relate to portions of Lead

20   Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these

21   allegations.  To the extent a response is required, Defendants admit that McKesson presented at the

22   J.P. Morgan Healthcare Conference on January 13, 2014, held its earnings call for Q1 2016 on July

23   29, 2015, held its earnings call for Q2 2016 on October 29, 2015, presented at the Credit Suisse

24   Healthcare Conference on November 10, 2015, held its earnings call for Q3 2016 on January 27,

25   2016, held its earnings call for Q4 2016 on May 4, 2016, and held its 2016 Annual Investor Day on

26   June 29, 2016, and that Mr. Hammergren participated in these calls and presentations.  Defendants

27   further state that transcripts are recorded by third parties, and to the extent those call or presentation

28   transcripts differ from what was actually said, Defendants deny the allegations.  In all other respects,

25

1   the transcripts speak for themselves.  Defendants otherwise deny the allegations in paragraph 129.

2         130.    To the extent that the allegations in paragraph 130 relate to portions of Lead

3   Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these

4   allegations.  To the extent a response is required, Defendants admit that on January 30, 2014,

5   McKesson held its Q3 2014 earnings call, and that Mr. Hammergren was among the participants,

6   and state that transcripts are recorded by third parties, and to the extent the earnings call transcript

7   differs from what was actually said, Defendants deny the allegations.  In all other respects, the

8   transcript speaks for itself.  To the extent that Lead Plaintiff purports to quote from McKesson's

9   presentation at the 2014 J.P. Morgan Healthcare Conference, Defendants further state that transcripts

10   are recorded by third parties, and to the extent the presentation transcript differs from what was

11   actually said, Defendants deny the allegations.  In all other respects, the transcript speaks for itself.

12   Defendants otherwise deny the allegations in paragraph 130.

13         131.    To the extent that the allegations in paragraph 131 relate to portions of Lead

14   Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these

15   allegations.  To the extent a response is required, Defendants admit that on January 11, 2016,

16   McKesson held a Guidance/ Update call and that Mr. Hammergren and Mr. Beer were among the

17   participants, and state that transcripts are recorded by third parties, and to the extent the Guidance /

18   Update call transcript differs from what was actually said, Defendants deny the allegations.  In all

19   other respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in

20   paragraph 131.

21         132.    Paragraph 132 relates to portions of Lead Plaintiff's claims that have been dismissed

22   by the Court.  Defendants are not required to answer these allegations.  To the extent that a response

23   is required, Defendants admit that McKesson held a Guidance / Update call on January 11, 2016 and

24   that Mr. Hammergren was among the participants.  Defendants further state that transcripts are

25   recorded by third parties, and to the extent the Guidance / Update call transcript differs from what

26   was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks for

27   itself.  Defendants otherwise deny the allegations in paragraph 132.

28         133.    Paragraph 133 relates to portions of Lead Plaintiff's claims that have been dismissed

1   by the Court.  Defendants are not required to answer these allegations.  To the extent that a response

2   is required, Defendants admit that McKesson held its earnings call for 2Q 2017 on October 27, 2016

3   and that Mr. Beer was among the participants.  Defendants further state that transcripts are recorded

4   by third parties, and to the extent the earnings call transcript differs from what was actually said,

5   Defendants deny the allegations.  In all other respects, the transcript speaks for itself.  Defendants

6   otherwise deny the allegations in paragraph 133.

7       134.    Paragraph 134 relates to portions of Lead Plaintiff's claims that have been dismissed

8   by the Court.  Defendants are not required to answer these allegations.  To the extent that a response

9   is required, Defendants admit that McKesson held its earnings call for 3Q 2017 on January 25, 2017

10  and that Mr. Beer was among the participants.  Defendants further state that transcripts are recorded

11  by third parties, and to the extent the earnings call transcript differs from what was actually said,

12  Defendants deny the allegations.  In all other respects, the transcript speaks for itself.  Defendants

13  otherwise deny the allegations in paragraph 134.

14      135.    Defendants admit that on October 24, 2013, McKesson held its earnings call for Q2

15  2014, and that Mr. Hammergren and Mr. Beer were among the participants on that call.  To the

16  extent that the allegations in paragraph 135 relate to portions of Plaintiff's claims dismissed by the

17  Court, Defendants are not required to answer these allegations.  Further, to the extent that the

18  remaining allegations of paragraph 135 consist of legal conclusions, no response is required.  To the

19  extent a response is required, Defendants state that transcripts are recorded by third parties, and to

20  the extent the earnings call transcript differs from what was actually said, Defendants deny the

21  allegations.  In all other respects, the transcript speaks for itself.  Defendants otherwise deny the

22  allegations in paragraph 135.

23      136.    Defendants admit that on November 12, 2013, McKesson presented at the 2013

24  Credit Suisse Annual Healthcare Conference, and that Mr. Hammergren was among the participants.

25  To the extent that the allegations in paragraph 136 relate to portions of Lead Plaintiff's claims that

26  have been dismissed by the Court, Defendants are not required to answer these allegations.  Further,

27  to the extent that the remaining allegations of paragraph 136 consist of legal conclusions, no

28  response is required.  To the extent a response is required, Defendants state that transcripts are

1  recorded by third parties, and to the extent the presentation transcript differs from what was actually

2  said, Defendants deny the allegations.  In all other respects, the transcript speaks for itself.

3  Defendants otherwise deny the allegations in paragraph 136.

4        137.    Defendants admit that on January 13, 2014, McKesson presented at the 2014 J.P.

5  Morgan Healthcare Conference, and that Mr. Hammergren was among the participants.  To the

6  extent that the allegations in paragraph 137 consist of legal conclusions, no response is required.  To

7  the extent a response is required, Defendants state that transcripts are recorded by third parties, and

8  to the extent the presentation transcript differs from what was actually said, Defendants deny the

9  allegations.  In all other respects, the transcript speaks for itself.  Defendants otherwise deny the

10  allegations in paragraph 137.

11        138.    Defendants admit that on January 30, 2014, McKesson held its earnings call for Q3

12  2014, and that Mr. Hammergren and Mr. Beer were among the participants.  To the extent that the

13  allegations in paragraph 138 relate to portions of Lead Plaintiff's claims that have been dismissed by

14  the Court, Defendants are not required to answer these allegations.  Further, to the extent that the

15  remaining allegations of paragraph 138 consist of legal conclusions, no response is required.  To the

16  extent a response is required, Defendants state that transcripts are recorded by third parties, and to

17  the extent the earnings call transcript differs from what was actually said, Defendants deny the

18  allegations.  In all other respects, the transcript speaks for itself.  Defendants otherwise deny the

19  allegations in paragraph 138.

20        139.    The allegations in paragraph 139 relate to portions of Lead Plaintiff's claims that

21  have been dismissed by the Court.  Defendants are not required to answer these allegations.  Further,

22  to the extent that the allegations in paragraph 139 consist of legal conclusions, no response is

23  required.  To the extent a response is required, Defendants admit that on May 12, 2014, McKesson

24  held its earnings call for Q4 2014 and that Mr. Hammergren and Mr. Beer were among the

25  participants, and state that transcripts are recorded by third parties, and to the extent the earnings call

26  transcript differs from what was actually said, Defendants deny the allegations.  In all other respects,

27  the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph 139.

28        140.    To the extent the allegations in paragraph 140 consist of legal conclusions, no answer

1   is required.  Defendants further answer the four subparts of paragraph 140 as follows:

2       (a)    To the extent that Lead Plaintiff purports to paraphrase the contents of the AG

3               Complaint, that document speaks for itself and is the best statement of its contents.

4               Defendants further state that none of the Defendants is named as a defendant in the

5               AG Complaint, and Defendants deny that they engaged in any of the unlawful

6               conduct challenged in the AG Complaint.  To the extent any further response is

7               required, Defendants deny the allegations as they relate to Defendants and deny all

8               other allegations because they lack sufficient knowledge or information to form a

9               belief as to the truth or falsity of the AGs' allegations regarding the conduct of others.

10              Further, to the extent Lead Plaintiff purports to quote or paraphrase from the

11              transcripts of unspecified public statements, Defendants state that transcripts are

12              recorded by third parties, and to the extent those transcripts differ from what was

13              actually said, Defendants deny the allegations.  In all other respects, the transcripts

14              speak for themselves.  Defendants otherwise deny the allegations in subpart (a) of

15              paragraph 140;

16      (b)    Subpart (b) of paragraph 140 relates to portions of Lead Plaintiff's claims that have

17              been dismissed by the Court.  Defendants are not required to answer these allegations;

18      (c)    To the extent that the allegations of subpart (c) of paragraph 140 relate to portions of

19              Lead Plaintiff's claims that have been dismissed by the Court, no response is

20              required.  Defendants otherwise deny the allegations in subpart (c) of paragraph 140;

21      (d)    To the extent that the allegations of subpart (d) of paragraph 140 relate to portions of

22              Lead Plaintiff's claims that have been dismissed by the Court, no response is

23              required.  Defendants otherwise deny the allegations in subpart (d) of paragraph 140.

24      141.    Defendants admit that on May 20, 2014, McKesson presented at the UBS Global

25  Healthcare Conference, and that Mr. Beer was among the participants.  To the extent that the

26  allegations of paragraph 141 consist of legal conclusions, no response is required.  To the extent a

27  response is required, Defendants state that transcripts are recorded by third parties, and to the extent

28  the presentation transcript differs from what was actually said, Defendants deny the allegations.  In

29

all other respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph 141.

142.     Defendants admit that on June 11 2014, McKesson presented at the Goldman Sachs Global Healthcare Conference, and that Mr. Beer was among the participants.  To the extent that the allegations of paragraph 142 consist of legal conclusions, no response is required.  To the extent a response is required, Defendants state that transcripts are recorded by third parties, and to the extent the presentation transcript differs from what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph 142.

143.     The allegations in paragraph 143 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.  Further, to the extent that the allegations in paragraph 143 consist of legal conclusions, no response is required.  To the extent a response is required, Defendants admit that on June 25, 2014, McKesson held its 2014 Annual Investor Day and that Mr. Hammergren and Mr. Beer were among the participants, and state that transcripts are recorded by third parties, and to the extent the presentation transcript differs from what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph 143.

144.     Defendants admit that on July 31, 2014, McKesson held its earnings call for Q1 2015, and that Mr. Hammergren and Mr. Beer were among the participants.  To the extent that the allegations of paragraph 144 consist of legal conclusions, no response is required.  To the extent a response is required, Defendants state that transcripts are recorded by third parties, and to the extent the earnings call transcript differs from what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph 144.

145.     Defendants admit that on September 9, 2014, McKesson presented at the Morgan Stanley Healthcare Conference, and that Mr. Beer was among the participants.  To the extent that the allegations of paragraph 145 consist of legal conclusions, no response is required.  To the extent a response is required, Defendants state that transcripts are recorded by third parties, and to the extent

1   the presentation transcript differs from what was actually said, Defendants deny the allegations.  In

2   all other respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in

3   paragraph 145.

4          146.    Defendants admit that on September 30, 2014, McKesson presented at the Leerink

5   Partners Rare Disease Roundtable, and that Mr. Beer was among the participants.  To the extent that

6   the allegations of paragraph 146 consist of legal conclusions, no response is required.  To the extent

7   a response is required, Defendants state that transcripts are recorded by third parties, and to the

8   extent the presentation transcript differs from what was actually said, Defendants deny the

9   allegations.  In all other respects, the transcript speaks for itself.  Defendants otherwise deny the

10  allegations in paragraph 146.

11         147.    The allegations in paragraph 147 relate to portions of Lead Plaintiff's claims that

12  have been dismissed by the Court.  Defendants are not required to answer these allegations.  Further,

13  to the extent that the allegations in paragraph 147 consist of legal conclusions, no response is

14  required.  To the extent a response is required, Defendants admit that on October 28, 2014,

15  McKesson held its earnings call for Q2 2015 and that Mr. Hammergren and Mr. Beer were among

16  the participants, and state that transcripts are recorded by third parties, and to the extent the earnings

17  call transcript differs from what was actually said, Defendants deny the allegations.  In all other

18  respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph

19  147.

20         148.    Defendants admit that on January 13, 2015 McKesson presented at the 2015 J.P.

21  Morgan Healthcare Conference, and that Mr. Hammergren and Mr. Beer were among the

22  participants.  To the extent that the allegations in paragraph 148 relate to portions of Lead Plaintiff's

23  claims that have been dismissed by the Court, Defendants are not required to answer these

24  allegations.  Further, to the extent that the remaining allegations of paragraph 148 consist of legal

25  conclusions, no response is required.  To the extent a response is required, Defendants state that

26  transcripts are recorded by third parties, and to the extent the presentation transcript differs from

27  what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks

28  for itself.  Defendants otherwise deny the allegations in paragraph 148.

1    149.    The allegations in paragraph 149 relate to portions of Lead Plaintiff's claims that

2    have been dismissed by the Court.  Defendants are not required to answer these allegations.  Further,

3    to the extent that the allegations in paragraph 149 consist of legal conclusions, no response is

4    required.  To the extent a response is required, Defendants admit that on February 5, 2015,

5    McKesson held its earnings call for Q3 2015 and that Mr. Hammergren and Mr. Beer were among

6    the participants, and state that transcripts are recorded by third parties, and to the extent the earnings

7    call transcript differs from what was actually said, Defendants deny the allegations.  In all other

8    respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph

9    149.

10    150.    Defendants admit that on March 3, 2015 McKesson presented at the Cowen & Co.

11    Healthcare Conference, and that Mr. Beer was among the participants.  To the extent that the

12    allegations of paragraph 150 consist of legal conclusions, no response is required.  To the extent a

13    response is required, Defendants state that transcripts are recorded by third parties, and to the extent

14    the presentation transcript differs from what was actually said, Defendants deny the allegations.  In

15    all other respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in

16    paragraph 150.

17    151.    The allegations in paragraph 151 relate to portions of Lead Plaintiff's claims that

18    have been dismissed by the Court.  Defendants are not required to answer these allegations.  Further,

19    to the extent that the allegations in paragraph 151 consist of legal conclusions, no response is

20    required.  To the extent a response is required, Defendants admit that on May 12, 2015, McKesson

21    held its earnings call for Q4 2015 and that Mr. Hammergren and Mr. Beer were among the

22    participants, and state that transcripts are recorded by third parties, and to the extent the earnings call

23    transcript differs from what was actually said, Defendants deny the allegations.  In all other respects,

24    the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph 151.

25    152.    To the extent the allegations in paragraph 152 consist of legal conclusions, no answer

26    is required.  Defendants further answer the four subparts of paragraph 152 as follows:

27    (a)    To the extent that Lead Plaintiff purports to paraphrase the contents of the AG

28    Complaint, that document speaks for itself and is the best statement of its contents.

1   Defendants further state that none of the Defendants is named as a defendant in the

2   AG Complaint, and Defendants deny that they engaged in any of the unlawful

3   conduct challenged in the AG Complaint.  To the extent any further response is

4   required, Defendants deny the allegations as they relate to Defendants and deny all

5   other allegations because they lack sufficient knowledge or information to form a

6   belief as to the truth or falsity of the AGs' allegations regarding the conduct of others.

7   Further, to the extent Lead Plaintiff purports to quote or paraphrase from the

8   transcripts of unspecified public statements, Defendants state that transcripts are

9   recorded by third parties, and to the extent those transcripts differ from what was

10  actually said, Defendants deny the allegations.  In all other respects, the transcripts

11  speak for themselves.  Defendants otherwise deny the allegations in subpart (a) of

12  paragraph 152;

13  (b)   Subpart (b) of paragraph 152 relates to portions of Lead Plaintiff's claims that have

14  been dismissed by the Court.  Defendants are not required to answer these allegations;

15  (c)   To the extent that the allegations of subpart (c) of paragraph 152 relate to portions of

16  Lead Plaintiff's claims that have been dismissed by the Court, no response is

17  required.  Defendants otherwise deny the allegations in subpart (c) of paragraph 152;

18  (d)   To the extent that the allegations of subpart (d) of paragraph 152 relate to portions of

19  Lead Plaintiff's claims that have been dismissed by the Court, no response is

20  required.  Defendants otherwise deny the allegations in subpart (d) of paragraph 152.

21  153.   The allegations in paragraph 153 relate to portions of Lead Plaintiff's claims that

22  have been dismissed by the Court.  Defendants are not required to answer these allegations.  Further,

23  to the extent that the allegations in paragraph 153 consist of legal conclusions, no response is

24  required.  To the extent a response is required, Defendants admit that on May 13, 2015, McKesson

25  presented at the Bank of America Merrill Lynch Healthcare Conference and that Mr. Beer was

26  among the participants, and state that transcripts are recorded by third parties, and to the extent the

27  presentation transcript differs from what was actually said, Defendants deny the allegations.  In all

28  other respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in

33

1    paragraph 153.

2         154.    Defendants admit that on June 9, 2015 McKesson presented at the Goldman Sachs

3    Healthcare Conference, and that Mr. Beer was among the participants.  To the extent that the

4    allegations of paragraph 154 consist of legal conclusions, no response is required.  To the extent a

5    response is required, Defendants state that transcripts are recorded by third parties, and to the extent

6    the presentation transcript differs from what was actually said, Defendants deny the allegations.  In

7    all other respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in

8    paragraph 154.

9         155.    Defendants admit that on June 24, 2015 McKesson held its Annual Investor Day

10   presentation, and that Mr. Hammergren and Mr. Beer were among the participants.  To the extent

11   that the allegations in paragraph 155 relate to portions of Lead Plaintiff's claims that have been

12   dismissed by the Court, Defendants are not required to answer these allegations.  Further, to the

13   extent that the remaining allegations of paragraph 155 consist of legal conclusions, no response is

14   required.  To the extent a response is required, Defendants state that transcripts are recorded by third

15   parties, and to the extent the presentation transcript differs from what was actually said, Defendants

16   deny the allegations.  In all other respects, the transcript speaks for itself.  Defendants otherwise

17   deny the allegations in paragraph 155.

18        156.    Defendants admit that on July 29, 2015, McKesson held its Q1 2016 earnings call and

19   that Mr. Hammergren was among the participants.  To the extent that the allegations of paragraph

20   156 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendants

21   are not required to answer these allegations.  Further, to the extent that the remaining allegations of

22   paragraph 156 consist of legal conclusions, no response is required.  To the extent a response is

23   required, Defendants state that transcripts are recorded by third parties, and to the extent the earnings

24   call transcript differs from what was actually said, Defendants deny the allegations.  In all other

25   respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph

26   156.

27        157.    The allegations in paragraph 157 relate to portions of Lead Plaintiff's claims that

28   have been dismissed by the Court.  Defendants are not required to answer these allegations.  Further,

1   to the extent that the allegations in paragraph 157 consist of legal conclusions, no response is

2   required.  To the extent a response is required, Defendants admit that on September 16, 2015,

3   McKesson presented at the Morgan Stanley Global Healthcare Conference and that Mr. Beer was

4   among the participants, and state that transcripts are recorded by third parties, and to the extent the

5   presentation transcript differs from what was actually said, Defendants deny the allegations.  In all

6   other respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in

7   paragraph 157.

8           158.    The allegations in paragraph 158 relate to portions of Lead Plaintiff's claims that

9   have been dismissed by the Court.  Defendants are not required to answer these allegations.  Further,

10  to the extent that the allegations in paragraph 158 consist of legal conclusions, no response is

11  required.  To the extent a response is required, Defendants admit that on October 29, 2015,

12  McKesson held its earnings call for Q2 2016 and that Mr. Hammergren and Mr. Beer were among

13  the participants, and state that transcripts are recorded by third parties, and to the extent the earnings

14  call transcript differs from what was actually said, Defendants deny the allegations.  In all other

15  respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph

16  158.

17          159.    The allegations in paragraph 159 relate to portions of Lead Plaintiff's claims that

18  have been dismissed by the Court.  Defendants are not required to answer these allegations.  Further,

19  to the extent that the allegations in paragraph 159 consist of legal conclusions, no response is

20  required.  To the extent a response is required, Defendants admit that on November 10, 2015,

21  McKesson presented at the Credit Suisse Healthcare Conference and that Mr. Hammergren was

22  among the participants, and state that transcripts are recorded by third parties, and to the extent the

23  presentation transcript differs from what was actually said, Defendants deny the allegations.  In all

24  other respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in

25  paragraph 159.

26          160.    The allegations in paragraph 160 relate to portions of Lead Plaintiff's claims that

27  have been dismissed by the Court.  Defendants are not required to answer these allegations.  Further,

28  to the extent that the allegations in paragraph 160 consist of legal conclusions, no response is

1    required.  To the extent a response is required, Defendants admit that on January 11, 2016,

2    McKesson held a Guidance/ Update call and that Mr. Hammergren and Mr. Beer were among the

3    participants, and state that transcripts are recorded by third parties, and to the extent the Guidance /

4    Update call transcript differs from what was actually said, Defendants deny the allegations.  In all

5    other respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in

6    paragraph 160.

7         161.    The allegations in paragraph 161 relate to portions of Lead Plaintiff's claims that

8    have been dismissed by the Court.  Defendants are not required to answer these allegations.  Further,

9    to the extent that the allegations in paragraph 161 consist of legal conclusions, no response is

10   required.  To the extent a response is required, Defendants admit that on January 27, 2016,

11   McKesson held its earnings call for Q3 2016 and that Mr. Hammergren and Mr. Beer were among

12   the participants, and state that transcripts are recorded by third parties, and to the extent the earnings

13   call transcript differs from what was actually said, Defendants deny the allegations.  In all other

14   respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph

15   161.

16        162.    The allegations in paragraph 162 relate to portions of Plaintiff's claims that have been

17   dismissed by the Court.  Defendants are not required to answer these allegations.  Further, to the

18   extent that the allegations in paragraph 162 consist of legal conclusions, no response is required.  To

19   the extent a response is required, Defendants admit that on May 4, 2016, McKesson held its earnings

20   call for Q4 2016 and that Mr. Hammergren and Mr. Beer were among the participants, and that

21   transcripts are recorded by third parties, and to the extent the earnings call transcript differs from

22   what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks

23   for itself.  Defendants otherwise deny the allegations in paragraph 162.

24        163.    To the extent the allegations in paragraph 163 consist of legal conclusions, no answer

25   is required.  Defendants further answer the five subparts of paragraph 163 as follows:

26        (a)    To the extent that Lead Plaintiff purports to paraphrase the contents of the AG

27               Complaint, that document speaks for itself and is the best statement of its contents.

28               Defendants further state that none of the Defendants is named as a defendant in the

1    AG Complaint, and Defendants deny that they engaged in any of the unlawful

2    conduct challenged in the AG Complaint.  To the extent any further response is

3    required, Defendants deny the allegations as they relate to Defendants and deny all

4    other allegations because they lack sufficient knowledge or information to form a

5    belief as to the truth or falsity of the AGs' allegations regarding the conduct of others.

6    Further, to the extent Lead Plaintiff purports to quote or paraphrase from the

7    transcripts of unspecified public statements, Defendants state that transcripts are

8    recorded by third parties, and to the extent those transcripts differ from what was

9    actually said, Defendants deny the allegations.  In all other respects, the transcripts

10   speak for themselves.  Defendants otherwise deny the allegations in subpart (a) of

11   paragraph 163;

12   (b)    Subpart (b) of paragraph 163 relates to portions of Lead Plaintiff's claims that have

13          been dismissed by the Court.  Defendants are not required to answer these allegations;

14   (c)    Subpart (c) of paragraph 163 relates to portions of Lead Plaintiff's claims that have

15          been dismissed by the Court.  Defendants are not required to answer these allegations;

16   (d)    To the extent that the allegations of subpart (d) of paragraph 163 relate to portions of

17          Lead Plaintiff's claims that have been dismissed by the Court, no response is

18          required.  Defendants otherwise deny the allegations in subpart (d) of paragraph 163;

19   (e)    To the extent that the allegations of subpart (e) of paragraph 163 relate to portions of

20          Lead Plaintiff's claims that have been dismissed by the Court, no response is

21          required.  Defendants otherwise deny the allegations in subpart (e) of paragraph 163.

22   164.   Defendants admit that on June 29, 2016, McKesson held its Annual Investor Day and

23   that Mr. Hammergren and Mr. Beer were among the participants.  To the extent that the allegations

24   in paragraph 164 relate to portions of Lead Plaintiff's claims dismissed by the Court, Defendants are

25   not required to answer these allegations.  Further, to the extent that the allegations of paragraph 164

26   consist of legal conclusions, no response is required.  To the extent a response is required,

27   Defendants state that transcripts are recorded by third parties, and to the extent the presentation

28   transcript differs from what was actually said, Defendants deny the allegations.  In all other respects,

37

1    the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph 164.

2        165.    The allegations in paragraph 165 relate to portions of Plaintiff's claims that have been

3    dismissed by the Court.  Defendants are not required to answer these allegations.  Further, to the

4    extent that the allegations in paragraph 165 consist of legal conclusions, no response is required.  To

5    the extent a response is required, Defendants admit that on September 13, 2016, McKesson

6    presented at the Morgan Stanley Global Healthcare Conference and that Mr. Beer was among the

7    participants, and state that transcripts are recorded by third parties, and to the extent the presentation

8    transcript differs from what was actually said, Defendants deny the allegations.  In all other respects,

9    the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph 165.

10       166.    To the extent the allegations in paragraph 166 consist of legal conclusions, no answer

11   is required.  Defendants further answer the three subparts of paragraph 166 as follows:

12       (a)     To the extent that the allegations of subpart (a) of paragraph 166 relate to portions of

13               Lead Plaintiff's claims that have been dismissed by the Court, no response is

14               required.  Further, to the extent Lead Plaintiff purports to quote or paraphrase from

15               the transcripts of unspecified public statements, Defendants state that transcripts are

16               recorded by third parties, and to the extent those transcripts differ from what was

17               actually said, Defendants deny the allegations.  In all other respects, the transcripts

18               speak for themselves.  Defendants otherwise deny the allegations in subpart (a) of

19               paragraph 166;

20       (b)     Subpart (b) of paragraph 166 relates to portions of Lead Plaintiff's claims that have

21               been dismissed by the Court.  Defendants are not required to answer these allegations;

22       (c)     To the extent that the allegations of subpart (c) of paragraph 166 relate to portions of

23               Lead Plaintiff's claims that have been dismissed by the Court, no response is

24               required.  Defendants otherwise deny the allegations in subpart (c) of paragraph 166.

25       167.    To the extent the allegations in paragraph 167 relate to portions of Lead Plaintiff's

26   claims that have been dismissed by the Court, Defendants are not required to answer these

27   allegations.  Further, to the extent that the remaining allegations of paragraph 167 consist of legal

28   conclusions, no response is required.  Defendants otherwise deny the allegations in paragraph 167.

38

168.     Defendants admit that the Forms 10-Q and Forms 10-K listed in paragraphs 169 through 181 contained certifications pursuant to the Sarbanes-Oxley Act of 2002 signed by Mr. Hammergren and by Mr. Beer.  Defendants state that those certifications speak for themselves and are the best statements of their contents.  Defendants otherwise deny the allegations in paragraph 168.

169.     To the extent that the allegations in paragraph 169 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these allegations.  Defendants admit that McKesson filed a Form 8-K on October 24, 2013 attaching a press release announcing the Company's preliminary results for the second quarter ended September 30, 2013, and that Mr. Beer signed the 8-K.  Defendants further admit that on October 24, 2013, McKesson filed its 10-Q for the second quarter ended September 30, 2013, that Mr. Beer signed the 10-Q, and that Mr. Hammergren and Mr. Beer signed certifications pursuant to the Sarbanes-Oxley Act of 2002 in connection with the 10-Q.  Defendants state that the October 24, 2013 8-K and 10-Q are the best statements of their contents and speak for themselves.  Defendants otherwise deny the allegations in paragraph 169.

170.     The allegations in paragraph 170 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.  To the extent a response is required, Defendants admit that McKesson filed a Form 8-K on January 30, 2014 attaching a press release announcing the Company's preliminary results for the third quarter ended December 31, 2013, and that Mr. Beer signed the 8-K.  Defendants further admit that on January 30, 2014, McKesson filed its 10-Q for the third quarter ended December 31, 2013, that Mr. Beer signed the 10-Q, and that Mr. Hammergren and Mr. Beer signed certifications pursuant to the Sarbanes-Oxley Act of 2002 in connection with the 10-Q.  Defendants state that the January 30, 2014 8-K and 10-Q are the best statements of their contents and speak for themselves.  Defendants otherwise deny the allegations in paragraph 170.

171.     To the extent that the allegations in paragraph 171 relate to portions of Lead Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these allegations.  Defendants admit that McKesson filed a Form 8-K on May 12, 2014 attaching a press

39

1    release announcing the Company's preliminary results for the fourth quarter and fiscal year ended

2    March 31, 2014, and that Mr. Beer signed the 8-K.  Defendants further admit that on May 14, 2014,

3    McKesson filed its 10-K for the fiscal year ended March 31, 2014, that Mr. Hammergren and Mr.

4    Beer signed the 10-K and that Mr. Hammergren and Mr. Beer signed certifications pursuant to the

5    Sarbanes-Oxley Act of 2002 in connection with the 10-K.  Defendants state that the May 12, 2014 8-

6    K and May 14, 2014 10-K are the best statements of their contents and speak for themselves.

7    Defendants otherwise deny the allegations in paragraph 171.

8            172.    To the extent that the allegations in paragraph 172 relate to portions of Lead

9    Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these

10   allegations.  Defendants admit that McKesson filed a Form 8-K on July 31, 2014 attaching a press

11   release announcing the Company's preliminary results for the first quarter ended June 30, 2014, and

12   that Mr. Beer signed the 8-K.  Defendants further admit that on July 31, 2014, McKesson filed its

13   10-Q for the first quarter ended June 30, 2014, that Mr. Beer signed the 10-Q, and that Mr.

14   Hammergren and Mr. Beer signed certifications pursuant to the Sarbanes-Oxley Act of 2002 in

15   connection with the 10-Q.  Defendants state that the July 31, 2014 8-K and 10-Q are the best

16   statements of their contents and speak for themselves.  Defendants otherwise deny the allegations in

17   paragraph 172.

18           173.    To the extent that the allegations in paragraph 173 relate to portions of Lead

19   Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these

20   allegations.  Defendants admit that McKesson filed a Form 8-K on October 28, 2014 attaching a

21   press release announcing the Company's preliminary results for the second quarter ended September

22   30, 2014, and that Mr. Beer signed the 8-K.  Defendants further admit that on October 28, 2014,

23   McKesson filed its 10-Q for the second quarter ended September 30, 2014, that Mr. Beer signed the

24   10-Q, and that Mr. Hammergren and Mr. Beer signed certifications pursuant to the Sarbanes-Oxley

25   Act of 2002 in connection with the 10-Q.  Defendants state that the October 28, 2014 8-K and 10-Q

26   are the best statements of their contents and speak for themselves.  Defendants otherwise deny the

27   allegations in paragraph 173.

28           174.    To the extent that the allegations in paragraph 174 relate to portions of Lead

40

1   Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these
2   allegations.  Defendants admit that McKesson filed a Form 8-K on February 5, 2015 attaching a
3   press release announcing the Company's preliminary results for the third quarter ended December
4   31, 2014, and that Mr. Beer signed the 8-K.  Defendants further admit that on February 5, 2015,
5   McKesson filed its 10-Q for the third quarter ended December 31, 2014, that Mr. Beer signed the 10-
6   Q, and that Mr. Hammergren and Mr. Beer signed certifications pursuant to the Sarbanes-Oxley Act
7   of 2002 in connection with the 10-Q.  Defendants state that the February 5, 2015 8-K and 10-Q are
8   the best statements of their contents and speak for themselves.  Defendants otherwise deny the
9   allegations in paragraph 174.

10          175.    To the extent that the allegations in paragraph 175 relate to portions of Lead
11  Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these
12  allegations.  Defendants admit that McKesson filed a Form 8-K on May 12, 2015 attaching a press
13  release announcing the Company's preliminary results for the fourth quarter and fiscal year ended
14  March 31, 2015, and that Mr. Beer signed the 8-K.  Defendants further admit that on May 12, 2015,
15  McKesson filed its 10-K for the fiscal year ended March 31, 2015, that Mr. Hammergren and Mr.
16  Beer signed the 10-K and that Mr. Hammergren and Mr. Beer signed certifications pursuant to the
17  Sarbanes-Oxley Act of 2002 in connection with the 10-K.  Defendants state that the May 12, 2015 8-
18  K and 10-K are the best statements of their contents and speak for themselves.  Defendants
19  otherwise deny the allegations in paragraph 175.

20          176.    To the extent that the allegations in paragraph 176 relate to portions of Lead
21  Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these
22  allegations.  Defendants admit that McKesson filed a Form 8-K on July 29, 2015 attaching a press
23  release announcing the Company's preliminary results for the first quarter ended June 30, 2015, and
24  that Mr. Beer signed the 8-K.  Defendants further admit that on July 29, 2015, McKesson filed its
25  10-Q for the first quarter ended June 30, 2015, that Mr. Beer signed the 10-Q, and that Mr.
26  Hammergren and Mr. Beer signed certifications pursuant to the Sarbanes-Oxley Act of 2002 in
27  connection with the 10-Q.  Defendants state that the July 29, 2015 8-K and 10-Q are the best
28  statements of their contents and speak for themselves.  Defendants otherwise deny the allegations in

1    paragraph 176.

2         177.   To the extent that the allegations in paragraph 177 relate to portions of Lead

3    Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these

4    allegations.  Defendants admit that McKesson filed a Form 8-K on October 29, 2015 attaching a

5    press release announcing the Company's preliminary results for the second quarter ended September

6    30, 2015, and that Mr. Beer signed the 8-K.  Defendants further admit that on October 29, 2015,

7    McKesson filed its 10-Q for the second quarter ended September 30, 2015, that Mr. Beer signed the

8    10-Q, and that Mr. Hammergren and Mr. Beer signed certifications pursuant to the Sarbanes-Oxley

9    Act of 2002 in connection with the 10-Q.  Defendants state that the October 29, 2015 8-K and 10-Q

10   are the best statements of their contents and speak for themselves.  Defendants otherwise deny the

11   allegations in paragraph 177.

12        178.   To the extent that the allegations in paragraph 178 relate to portions of Lead

13   Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these

14   allegations.  Defendants admit that McKesson filed a Form 8-K on January 27, 2016 attaching a

15   press release announcing the Company's preliminary results for the third quarter ended December

16   31, 2015 and that Mr. Beer signed the 8-K.  Defendants further admit that on January 27, 2016,

17   McKesson filed its 10-Q for the third quarter ended December 31, 2015, that Mr. Beer signed the 10-

18   Q, and that Mr. Hammergren and Mr. Beer signed certifications pursuant to the Sarbanes-Oxley Act

19   of 2002 in connection with the 10-Q.  Defendants state that the January 27, 2016 8-K and 10-Q are

20   the best statements of their contents and speak for themselves.  Defendants otherwise deny the

21   allegations in paragraph 178.

22        179.   To the extent that the allegations in paragraph 179 relate to portions of Lead

23   Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these

24   allegations.  Defendants admit that McKesson filed a Form 8-K on May 4, 2016 attaching a press

25   release announcing the Company's preliminary results for the fourth quarter and fiscal year ended

26   March 31, 2016, and that Mr. Beer signed the 8-K.  Defendants further admit that on May 5, 2016,

27   McKesson filed its 10-K for the fiscal year ended March 31, 2016, that Mr. Hammergren and Mr.

28   Beer signed the 10-K and that Mr. Hammergren and Mr. Beer signed certifications pursuant to the

42

1    Sarbanes-Oxley Act of 2002 in connection with the 10-K.  Defendants state that the May 4, 2016 8-

2    K and May 5, 2016 10-K are the best statements of their contents and speak for themselves.

3    Defendants otherwise deny the allegations in paragraph 179.

4        180.    The allegations in paragraph 180 relate to portions of Lead Plaintiff's claims that

5    have been dismissed by the Court.  Defendants are not required to answer these allegations.  To the

6    extent a response is required, Defendants admit that McKesson filed a Form 8-K on July 27, 2016

7    attaching a press release announcing the Company's preliminary results for the first quarter ended

8    June 30, 2016 and that Mr. Beer signed the 8-K.  Defendants further admit that on July 27, 2016,

9    McKesson filed its 10-Q for the first quarter ended June 30, 2016, that Mr. Beer signed the 10-Q,

10   and that Mr. Hammergren and Mr. Beer signed certifications pursuant to the Sarbanes-Oxley Act of

11   2002 in connection with the 10-Q.  Defendants state that the July 27, 2016 8-K and 10-Q are the best

12   statements of their contents and speak for themselves.  Defendants otherwise deny the allegations in

13   paragraph 180.

14       181.    To the extent that the allegations in paragraph 181 relate to portions of Lead

15   Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these

16   allegations.  To the extent a response is required, Defendants admit that McKesson filed a Form 8-K

17   on October 27, 2016 attaching a press release announcing the Company's preliminary results for the

18   second quarter ended September 30, 2016 and that Mr. Beer signed the 8-K.  Defendants further

19   admit that on October 27, 2016, McKesson filed its 10-Q for the second quarter ended September

20   30, 2016, that Mr. Beer signed the 10-Q, and that Mr. Hammergren and Mr. Beer signed

21   certifications pursuant to the Sarbanes-Oxley Act of 2002 in connection with the 10-Q.  Defendants

22   state that the October 27, 2016 8-K and 10-Q are the best statements of their contents and speak for

23   themselves.  Defendants otherwise deny the allegations in paragraph 181.

24       182.    To the extent that the allegations in paragraph 182 relate to portions of Lead

25   Plaintiff's claims that have been dismissed by the Court, Defendants are not required to answer these

26   allegations.  Defendants otherwise deny the allegations in paragraph 182.

27       183.    To the extent that the allegations of paragraph 183 consist of legal conclusions, no

28   response is required.  Defendants admit that during the purported Class Period, Mr. Hammergren

1   and Mr. Beer certified McKesson's Forms 10-Q and Forms 10-K, and that McKesson held earnings

2   calls during this period.  Defendants otherwise deny the allegations in paragraph 183.

3       184.    Defendants admit that one component of its executive compensation was based on

4   Adjusted EPS, and respectfully refer the Court to McKesson's Annual Proxy Statements for 2014 –

5   2017 for a description of the adjusted EPS metric.  Defendants otherwise deny the allegations of

6   paragraph 184.

7       185.    To the extent that Lead Plaintiff purports to paraphrase McKesson's 2012 Proxy

8   Statement, Defendants respectfully refer the Court to that proxy statement for a complete and

9   accurate statement of its contents.  Defendants further state that adjusted EPS was one metric that

10  affected Mr. Hammergren's and Mr. Beer's compensation, and respectfully refer the Court to

11  McKesson's Annual Proxy Statements for 2014 – 2017 for a complete and accurate description of

12  McKesson's executive compensation, including a description of litigation reserve adjustments.

13  Defendants otherwise deny the allegations in paragraph 185.

14      186.    To the extent that Lead Plaintiff purports to paraphrase McKesson's 2013 Proxy

15  Statement, Defendants respectfully refer the Court to that proxy statement for a complete and

16  accurate statement of its contents.  Defendants otherwise deny the allegations in paragraph 186.

17      187.    To the extent that Lead Plaintiff purports to paraphrase McKesson's 2014 – 2017

18  Proxy Statements, Defendants respectfully refer the Court to those proxy statements for a complete

19  and accurate statement of their contents.  Defendants otherwise deny the allegations in paragraph

20  187.

21      188.    Defendants deny the allegations in paragraph 188.

22      189.    To the extent that Lead Plaintiff purports to paraphrase figures in McKesson's 2014 –

23  2017 Proxy Statements, Defendants respectfully refer the Court to those proxy statements for a

24  complete and accurate statement of their contents.  Defendants otherwise deny the allegations in

25  paragraph 189.

26      190.    To the extent that Lead Plaintiff purports to paraphrase figures in McKesson's 2014 –

27  2017 Proxy Statements, Defendants respectfully refer the Court to those proxy statements for a

28  complete and accurate statement of their contents.  Defendants otherwise deny the allegations in

44

1    paragraph 190.

2        191.    To the extent that Lead Plaintiff purports to paraphrase or quote from McKesson's

3    2014 – 2017 Proxy Statements, Mr. Hammergren respectfully refers the Court to those proxy

4    statements for a complete and accurate statement of their contents.  Mr. Hammergren otherwise

5    denies the allegations in paragraph 191.

6        192.    To the extent that Lead Plaintiff purports to paraphrase or quote from McKesson's

7    2014 – 2017 Proxy Statements, Mr. Beer respectfully refers the Court to those proxy statements for a

8    complete and accurate statement of their contents.  Mr. Beer otherwise denies the allegations in

9    paragraph 192.

10       193.    To the extent the allegations in paragraph 193 consist of legal conclusions, no answer

11   is required.  Defendants deny information or knowledge sufficient to form a belief as to the truth or

12   falsity of the allegations in the third sentence of paragraph 193, relating to whether Lead Plaintiff or

13   any other investor purchased any of McKesson's common stock.  Defendants otherwise deny the

14   allegations in paragraph 193.

15       194.    To the extent the allegations in paragraph 194 consist of legal conclusions, no answer

16   is required.  With respect to alleged price declines referred to in paragraph 194, Defendants

17   respectfully refer the Court to publicly reported market services for the trading price of McKesson's

18   common stock.  Defendants otherwise deny the allegations in paragraph 194.

19       195.    To the extent the allegations in paragraph 195 consist of legal conclusions, no answer

20   is required.  Further, to the extent that the allegations in paragraph 195 relate to portions of Lead

21   Plaintiff's claims that have been dismissed by the Court, no answer is required.  With respect to

22   alleged price declines referred to in the second to last sentence of paragraph 195, Defendants

23   respectfully refer the Court to publicly reported market services for the trading price of McKesson's

24   securities.  Defendants deny knowledge or information sufficient to form a belief as to the truth or

25   falsity of Lead Plaintiff's allegation that it suffered losses in connection with any of its trades of

26   McKesson securities.  Defendants deny that Lead Plaintiff suffered legally cognizable damages in

27   connection with any such trades, and otherwise deny the allegations in paragraph 195.

28       196.    Defendants admit that McKesson held a Guidance / Update call on January 11, 2016

1   and state that transcripts are recorded by third parties, and to the extent the Guidance / Update call

2   transcript differs from what was actually said, Defendants deny the allegations.  In all other respects,

3   the transcript speaks for itself.  With respect to alleged price declines referred to in paragraph 196,

4   Defendants respectfully refer the Court to publicly reported market services for the trading price of

5   McKesson's common stock, and for price changes in the S&P 500 index and in the S&P Healthcare

6   index.  Defendants otherwise deny the allegations in paragraph 196.

7       197.    Paragraph 197 relates to portions of Lead Plaintiff's claims that have been dismissed

8   by the Court.  Defendants are not required to answer these allegations.  To the extent that a response

9   is required, Defendants admit that on October 27, 2016, McKesson filed an 8-K, attaching a copy of

10  a press release announcing the Company's preliminary results for the second quarter ended on

11  September 30, 2016.  Defendants state that the 8-K speaks for itself and is the best statement of its

12  contents.  Defendants further admit that McKesson held its earnings call for Q2 2017 on October 27,

13  2016, and that Mr. Hammergren and Mr. Beer were among the participants.  Defendants further state

14  that transcripts are recorded by third parties, and to the extent the earnings call transcript differs from

15  what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks

16  for itself.  Defendants otherwise deny the allegations in paragraph 197.

17      198.    With respect to alleged price declines referred to in paragraph 198, Defendants

18  respectfully refer the Court to publicly reported market services for the trading price of McKesson's

19  common stock, and for price changes in the S&P 500 index and in the S&P Healthcare index.

20  Defendants otherwise deny the allegations in paragraph 198.

21      199.    Defendants state that the November 3, 2016 *Reuters* article titled "Drugmakers under

22  fire for possible U.S. price fixing" and November 3, 2016 *Bloomberg* article titled "U.S. Charges in

23  Generic-Drug Probe Said to be Filed by Year-End" speak for themselves and are the best statements

24  of their contents.  With respect to alleged price declines referred to in paragraph 199, Defendants

25  respectfully refer the Court to publicly reported market services for the trading price of McKesson's

26  common stock, and for price changes in the S&P 500 index and in the S&P Healthcare index.

27  Defendants otherwise deny the allegations in paragraph 199.

28      200.    Paragraph 200 relates to portions of Lead Plaintiff's claims that have been dismissed

46

by the Court.  Defendants are not required to answer these allegations.  To the extent that a response is required, Defendants admit that McKesson held its earnings call for 3Q 2017 on January 25, 2017 and that Mr. Hammergren and Mr. Beer were among the participants.  Defendants further state that transcripts are recorded by third parties, and to the extent the earnings call transcript differs from what was actually said, Defendants deny the allegations.  In all other respects, the transcript speaks for itself.  Defendants otherwise deny the allegations in paragraph 200.

201.    Paragraph 201 relates to portions of Lead Plaintiff's claims that have been dismissed by the Court.  Defendants are not required to answer these allegations.  To the extent that a response is required, Defendants state that the quoted analyst reports speak for themselves and are the best statements of their contents.  Defendants otherwise deny the allegations in paragraph 201.

202.    With respect to alleged price declines referred to in paragraph 202, Defendants respectfully refer the Court to publicly reported market services for the trading price of McKesson's common stock, and for price changes in the S&P 500 index and in the S&P Healthcare index. Defendants otherwise deny the allegations in paragraph 202.

203.    To the extent the allegations in paragraph 203 consist of legal conclusions, no answer is required.  With respect to alleged price declines referred to in paragraph 203, Defendants respectfully refer the Court to publicly reported market services for the trading price of McKesson's common stock.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of Lead Plaintiff's allegation that it suffered losses in connection with its trades in McKesson securities.  Defendants deny that Lead Plaintiff suffered legally cognizable damages in connection with any such trades and otherwise deny the allegations in paragraph 203.

204.    Paragraph 204 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 204.

205.    Paragraph 205 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 205.

206.    To the extent the allegations in paragraph 206 consist of legal conclusions, no response is required.  Defendants further answer the 6 sub-bullets of paragraph 206 as follows:

- Defendants deny the allegations of sub-bullet 1;

47

- Defendants deny the allegations of sub-bullet 2;

- Defendants admit that McKesson common stock traded on the NYSE during the purported Class Period.  The assertion that the market was efficient as to McKesson's stock is a matter of legal and economic expert opinion and accordingly no response is required at this time.  Defendants further respectfully refer the Court to publicly reported market services for information regarding McKesson's trading volumes;

- Defendants admit that McKesson common stock traded on the NYSE during the purported Class Period and that it was covered by securities analysts;

- Defendants deny the allegations of sub-bullet 5;

- Defendants deny knowledge or information sufficient to form a belief as to the truth of allegations regarding whether Lead Plaintiff or any other investors purchased McKesson securities.  Defendants otherwise deny the allegations in sub-bullet 6.

207.    Paragraph 207 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 207.

208.    Paragraph 208 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 208.

209.    To the extent that the allegations in paragraph 209 consist of a definition and characterization of the purported class, no response is required.  Defendants deny that class treatment in the manner set forth and for the time period alleged is appropriate and otherwise deny the allegations in paragraph 209.

210.    To the extent the allegations in paragraph 210 consist of legal conclusions, no response is required.  Defendants admit that McKesson stock traded on the NYSE during the dates within Lead Plaintiff's purported Class Period.  Defendants deny that class treatment in the manner set forth and for the time period alleged is appropriate and otherwise deny the allegations in paragraph 210.

211.    To the extent the allegations in paragraph 211 consist of legal conclusions, no response is required.  Defendants deny that class treatment in the manner set forth and for the time period alleged is appropriate and otherwise deny the allegations in paragraph 211.

48

212.    To the extent the allegations in paragraph 212 consist of legal conclusions, no response is required.  Defendants deny that class treatment in the manner set forth and for the time period alleged is appropriate and otherwise deny the allegations in paragraph 212.

213.    To the extent the allegations in paragraph 213 consist of legal conclusions, no response is required.  Defendants deny that class treatment in the manner set forth and for the time period alleged is appropriate and otherwise deny the allegations in paragraph 213.

214.    To the extent the allegations in paragraph 214 consist of legal conclusions, no response is required.  Defendants deny that class treatment in the manner set forth and for the time period alleged is appropriate and otherwise deny the allegations in paragraph 214.

215.    Defendants repeat and reallege each of the answers set forth above as if fully set forth herein.

216.    Paragraph 216 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 216.

217.    Paragraph 217 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 217.

218.    Paragraph 218 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 218.

219.    Paragraph 219 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 219.

220.    Paragraph 220 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 220.

221.    Paragraph 221 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 221.

222.    Paragraph 222 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 222.

223.    Paragraph 223 states legal conclusions to which no response is required.  To the extent any response is required, Defendants deny the allegations in paragraph 223.

224.    Paragraph 224 states legal conclusions to which no response is required.  To the

49

1    extent any response is required, Defendants deny the allegations in paragraph 224.

2         225.    Defendants repeat and reallege each of the answers set forth above as if fully set forth

3    herein.

4         226.    Paragraph 226 states legal conclusions to which no response is required.  To the

5    extent any response is required, Defendants deny the allegations in paragraph 226.

6         227.    Paragraph 227 states legal conclusions to which no response is required.  To the

7    extent any response is required, Defendants deny the allegations in paragraph 227.

8         228.    Paragraph 228 states legal conclusions to which no response is required.  To the

9    extent any response is required, Defendants deny the allegations in paragraph 228.

10        229.    Paragraph 229 states legal conclusions to which no response is required.  To the

11   extent any response is required, Defendants deny the allegations in paragraph 229.

12        230.    Mr. Hammergren repeats and realleges each of the answers set forth above as if fully

13   set forth herein.

14        231.    Paragraph 231 states legal conclusions to which no response is required.  To the

15   extent any response is required, Mr. Hammergren denies the allegations in paragraph 231.

16        232.    Paragraph 232 states legal conclusions to which no response is required.  To the

17   extent any response is required, Mr. Hammergren denies the allegations in paragraph 232.

18        233.    To the extent that Lead Plaintiff purports to quote from or paraphrase Mr.

19   Hammergren's Forms 4 filed with the SEC, Mr. Hammergren respectfully refers the Court to those

20   Forms 4 for a complete and accurate statement of their contents.  To the extent any further response

21   is required, Mr. Hammergren denies the allegations in paragraph 233.

22        234.    Paragraph 234 states legal conclusions to which no response is required.  To the

23   extent any response is required, Mr. Hammergren lacks knowledge or information sufficient to form

24   a belief as to the truth or falsity of Lead Plaintiff's allegations regarding its purchases, and on that

25   basis denies them.  Mr. Hammergren otherwise denies the allegations in paragraph 234.

26        235.     Paragraph 235 states legal conclusions to which no response is required.  To the

27   extent any response is required, Mr. Hammergren denies the allegations in paragraph 235.

28

1

### RESPONSE TO PRAYER FOR RELIEF

2      Defendants deny that Lead Plaintiff or members of the putative class are entitled to the

3   requested relief, or any relief, against Defendants, and Defendants request that the Court dismiss all

4   claims against with prejudice and order such further relief as the Court deems just and proper.

5

### RESPONSE TO DEMAND FOR TRIAL BY JURY

6      Defendants deny the allegations in the jury demand and deny that Lead Plaintiff has any

7   valid claims against them, except admit that Lead Plaintiff purports to demand a jury trial.

8

### AFFIRMATIVE DEFENSES

9      Without admitting any wrongful conduct, and without admitting that Lead Plaintiff or the

10   members of the purported class have suffered any loss, damage, or injury, Defendants allege the

11   following affirmative defenses to the allegations set forth in the Complaint.  By designating the

12   following affirmative defenses, Defendants do not in any way waive or limit any defenses raised by

13   the denials, allegations, and averments set forth elsewhere in this Answer.  Defendant also do not, by

14   alleging any affirmative defenses, admit that Lead Plaintiff does not have the burden of proof as to

15   those defenses, and the statement of any defense hereinafter does not assume the burden of proof for

16   any issue as to which applicable law places the burden upon Lead Plaintiff.  These defenses are

17   pleaded in the alternative, are raised to preserve Defendants' right to assert such defenses, and are

18   without prejudice to Defendants' ability to raise other and further defenses.  Defendants expressly

19   reserve the right to amend and/or supplement their defenses as may be necessary.

20      Where Defendants' defenses are based on actions or omissions by a Plaintiff or Plaintiffs,

21   Defendants refer for present purposes to Lead Plaintiff.  If a class were later to be certified in this

22   matter, these defenses would apply equally to any future class members.

23

### FIRST DEFENSE
### (Failure to State a Claim)

24

25      Lead Plaintiff's Complaint and the purported claims for relief state therein fail to state a

26   claim on which relief can be granted.

27

28

---

51

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## SECOND DEFENSE
### (No False Statement)

Defendants are not liable on the claims alleged by Lead Plaintiff because Defendants made no actionably false or misleading statements or omissions of material fact.

## THIRD DEFENSE
### (No Duty to Disclose)

Lead Plaintiff's claims are barred, in whole or in part, because Defendants had no duty to disclose to Lead Plaintiff the information allegedly omitted in any statements made by Defendants.

## FOURTH DEFENSE
### (Lack of Scienter)

Defendants are not liable on the claims alleged by Lead Plaintiff because Defendants did not make the challenged statements with the necessary scienter.

## FIFTH DEFENSE
### (Lack of Materiality)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because the statements Lead Plaintiff challenges were not material to the investment decisions of a reasonable investor in view of, *inter alia*, the total mix of available information.

## SIXTH DEFENSE
### (Good Faith)

The claims alleged by Lead Plaintiffs cannot be maintained in whole or in part because Defendants at all times acted in good faith, exercised due diligence, and conducted a reasonable investigation and had a good faith basis and reasonable grounds to believe, and did believe at the time their statements were made, that such statements were true and not misleading, and therefore were made wholly without scienter and without any intent to defraud.

## SEVENTH DEFENSE
### (No Knowledge of Untrue Statement)

Lead Plaintiff's claims are barred, in whole or in part, because Defendants did not know, and in the exercise of reasonable care could not have known, that any statements made by Defendants contained an untrue statement of material fact or an omission of a material fact necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

52

### EIGHTH DEFENSE
### (Reliance)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because Defendants are not liable because the alleged misrepresentations or omissions by Defendants were based on good faith and in reasonable reliance upon information provided by others upon whom Defendants were entitled to rely.

### NINTH DEFENSE
### (Reliance on Advice of Professionals)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because at all relevant times, the Defendants relied in good faith on the representations, reports, expert opinions, advice, and professional judgments of others at the time of the alleged acts as to matters which Defendants reasonably believed to be within such persons' professional or expert competence.

### TENTH DEFENSE
### (Conduct of Third Parties)

The claims alleged by Lead Plaintiff cannot be maintained in whole or in part because the conduct of parties other than Defendants proximately caused the alleged harms, if any, complained of.

### ELEVENTH DEFENSE
### (Failure to Plead or Prove Fraud with Particularity)

The claims alleged by Lead Plaintiff cannot be maintained in whole or in part because Lead Plaintiff cannot plead or prove fraud with the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure and the Private Litigation Securities Reform Act of 1995, 15 U.S.C. § 78u-4(b)(1), and otherwise fails to properly identify the alleged false or misleading statements of which Lead Plaintiff complains or why those statements were allegedly false.

### TWELFTH DEFENSE
### (Equitable Defenses)

The claims alleged by Lead Plaintiff are barred, in whole or in part, under such equitable defenses as the evidence demonstrates, including but not limited to the doctrines of estoppel, unclean hands, waiver, and laches.

### THIRTEENTH DEFENSE
### (Safe Harbor)

To the extent that the claims alleged by Lead Plaintiff are based on predictions and forward-looking statements, Lead Plaintiff is barred from recovery, in whole or in part, under the bespeaks caution doctrine and/or the safe harbor provisions of the Private Securities Litigation Reform Act of 1995, and cannot be the basis for liability by virtue of Section 21E of the Securities and Exchange Act of 1934.

### FOURTEENTH DEFENSE
### (Opinion Statement)

To the extent that the claims alleged by Lead Plaintiff are based on opinion statements, Lead Plaintiff is barred in whole or in part from recovery under the framework set forth in *Omnicare, Inc. v. Laborers District Council*, 135 S. Ct. 1318 (2015).

### FIFTEENTH DEFENSE
### (Lack of Causation)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because any damage, loss, or injury allegedly sustained by Lead Plaintiff was not directly or proximately caused, in whole or in part, by any purported misstatement or omission by Defendants.

The claims alleged by Lead Plaintiff are barred, in whole or in part, because no material misstatement of fact, omission to state a required fact, or omission to state a material fact necessary to make a statement not misleading caused, in whole, in part, or at all, any diminution in the value of the McKesson securities allegedly purchased by Lead Plaintiff.

The claims alleged by Lead Plaintiff are also barred, in whole or in part, because any increase or decrease in the market value of McKesson securities was the result of market factors, superseding or intervening causes, or other factors for which Defendants are not responsible, or acts and/or omissions of other persons or entities for whom Defendants are not responsible, and not from the alleged wrongful conduct on the part of the Defendants.

### SIXTEENTH DEFENSE
### (No Fraud on the Market Presumption)

The claims alleged by Lead Plaintiff are barred, in whole or in part, to the extent that (i) the market price of McKesson common stock was not inflated as a result of any alleged misrepresentation or omission made by Defendants; (ii) there was no price impact from the alleged misrepresentations; (iii) the allegedly false or misleading statements asserted in the Complaint were not immediately assimilated into the market; (iv) no efficient market existed for the trading of McKesson common stock; and (v) a "fraud on the market" presumption is not legally or factually proper.  The claims alleged by Lead Plaintiff are also barred, in whole or in part, for lack of actual reliance by Lead Plaintiff on any of the alleged misrepresentations or omissions.

## SEVENTEENTH DEFENSE
### (Failure to Mitigate Damages)

The claims alleged by Lead Plaintiff are barred, in whole or in part, by the failure of Lead Plaintiff to take appropriate steps to mitigate, reduce, or otherwise avoid its alleged damages.

## EIGHTEENTH DEFENSE
### (Assumption of Risk)

The claims alleged by Lead Plaintiff are barred, in whole or in part, because Lead Plaintiff knowingly and/or recklessly assumed risks when purchasing the securities described in the Complaint.

## NINETEENTH DEFENSE
### (Offset of Damages)

Defendants are entitled to offset the damages of Lead Plaintiff, if any, by benefits received by Lead Plaintiff through its investments in McKesson, in accordance with the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or regulation.

## TWENTIETH DEFENSE
### (Lack of Standing)

The claims alleged by Lead Plaintiff are barred in whole or in part because Lead Plaintiff lacks standing, in whole or in part, to assert and maintain them, and the claims alleged by Lead Plaintiff are barred in whole or in part because Lead Plaintiff lacks standing under Article III of the United States Constitution.

## TWENTY-FIRST DEFENSE

**(Independent Investment Decision)**

The claims alleged by Lead Plaintiff are barred, in whole or in part, because Lead Plaintiff relied exclusively upon its own independent investigations, its own decisions, and the advice of its professional investment advisors.

### TWENTY-SECOND DEFENSE
### (No Reliance)

The claims alleged by Lead Plaintiff are barred in whole or in part for lack of reliance by Lead Plaintiff on any allegedly false or misleading statement made by Defendants.

### TWENTY-THIRD DEFENSE
### (Truth on the Market)

The claims alleged by Lead Plaintiff are barred in whole or in part to the extent that the substance of the material information that Lead Plaintiff alleges to have been omitted or misrepresented was in fact publicly disclosed and/or was otherwise publicly available and in the public domain, and thus was available to Lead Plaintiff, to the market, and to the investing community.

### TWENTY-FOURTH DEFENSE
### (No Damages)

The claims alleged by Lead Plaintiff are barred in whole or in part because Lead Plaintiff has suffered no damages.

### TWENTY-FIFTH DEFENSE
### (Speculative damages)

Lead Plaintiff's alleged damages, if any, are speculative and thus not recoverable.

### TWENTY-SIXTH DEFENSE
### (Damages Exceed Permitted Amount)

The claims alleged by Lead Plaintiff are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Private Securities Litigation Reform Act, common law, or any other applicable statute, rule, or regulation.

### TWENTY-SEVENTH DEFENSE
### (No Equitable Remedies)

56

Any claim by Lead Plaintiff for equitable relief, including any claim for injunctive relief, is barred because Lead Plaintiff has an adequate remedy at law.

### TWENTY-EIGHTH DEFENSE
### (No Costs or Expenses)

Lead Plaintiff is not entitled to recover the costs and expenses of this litigation, including attorneys' fees, accountants' fees, experts' fees, and other costs and disbursements.

### TWENTY-NINTH DEFENSE
### (Lack of Inducement and Good Faith Conduct Under Section 20(a) of the Exchange Act)

Defendants cannot be held liable as control persons under Section 20(a) of the Exchange Act because Defendants at all times acted in good faith and did not directly or indirectly induce any act or acts constituting a violation of the Exchange Act.  *See* 15 U.S.C. § 78t(a).

### THIRTIETH  DEFENSE
### (Rule 10b5-1 Safe Harbor)

The claims alleged by Lead Plaintiff are barred because the challenged stock trades were carried out pursuant to a pre-existing contract, instruction, or plan.  17 C.F.R. § 10b5–1(c)(1).

### THIRTY-FIRST DEFENSE
### (Improper Class Action – Class Not Ascertainable)

The claims alleged by Lead Plaintiff are not properly the subject of a class action because the putative class is not ascertainable.

### THIRTY-SECOND DEFENSE
### (Improper Class Action – Lack of Numerosity)

The claims alleged by Lead Plaintiff are not properly the subject of a class action because the numerosity requirement of Rule 23 of the Federal Rules of Civil Procedure is not met.

### THIRTY-THIRD DEFENSE
### (Improper Class Action – Lack of Commonality)

The claims alleged by Lead Plaintiff are not properly the subject of a class action because the commonality requirement of Rule 23 of the Federal Rules of Civil Procedure is not met.

### THIRTY-FOURTH DEFENSE
### (Improper Class Action – Lack of Typicality)

The claims alleged by Lead Plaintiff are not properly the subject of a class action because the typicality requirement of Rule 23 of the Federal Rules of Civil Procedure is not met.

### THIRTY-FIFTH DEFENSE
### (Improper Class Action – Individual Issues Predominate)

The claims alleged by Lead Plaintiff are not properly the subject of a class action because individual issues predominate over issues common to the putative class.

### THIRTY-SIXTH DEFENSE
### (Improper Class Action – Irresolvable Conflicts)

The claims alleged by Lead Plaintiff are not properly the subject of a class action because irresolvable conflicts exist within the putative class.

### THIRTY-SEVENTH DEFENSE
### (Improper Class Action)

The claims alleged by Lead Plaintiff are not properly the subject of a class action because a class action is not a superior means of adjudication.

### THIRTY-EIGHTH DEFENSE
### (Improper Lead Plaintiff)

The claims alleged by Lead Plaintiff are not properly maintainable as a class action because Lead Plaintiff is not a proper class representative and will not fairly and adequately protect the interests of the members of the putative class.

### FORTHIETH DEFENSE
### (Necessary and Indispensable Parties)

Other parties not named in the Complaint may be necessary and indispensable parties to this action.

### FORTY-FIRST DEFENSE
### (Dismissed Claims)

The claims alleged by Lead Plaintiff are barred, in whole or in part, to the extent Lead Plaintiff's claims were dismissed by the Court on October 30, 2019.

1
2

### FORTY-SECOND DEFENSE
### (Additional Defenses, Cross-Claims and Third-Party Claims)

3
4

Defendants hereby reserve and reassert all affirmative defenses available under any

applicable federal and/or state law.  Defendants reserve the right to assert and pursue any additional

5
6

defenses, cross-claims, and third-party claims not asserted herein of which they may become aware

through discovery or other investigation.

7
8

WHEREFORE, Defendants respectfully request that the Court dismiss Lead Plaintiff's

claims against them, award costs, disbursements, and attorneys' fees to Defendants, and grant such

9
10

other and further relief that the Court deems just and proper.

11

DATED:  February 7, 2020

12

By: _/s/ Sara B. Brody_____
Sara B. Brody (SBN 130222)
sbrody@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Sarah A. Hemmendinger (SBN 298659)
shemmendinger@sidley.com
SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA  94104
Telephone:  (415) 772-1200

13
14
15
16
17
18

Robin Wechkin (admitted _pro hac vice_)
rwechkin@sidley.com
SIDLEY AUSTIN LLP
1420 Fifth Avenue, Suite 1400
Seattle, WA 98101
Telephone:  (415) 439-1799

19
20
21
22
23

_Attorneys for Defendants McKesson Corporation,_
_John H. Hammergren, and James Beer_

24
25
26
27
28