August 2, 2021

<u>VIA ECF</u>

Hon. Donna M. Ryu
United States Magistrate Judge, Northern District of California

Re: *Evanston Police Pension Fund v. McKesson Corp., et al.* Case No. 3:18-cv-06525-CRB

Dear Magistrate Judge Ryu:

      The parties submit this letter over a dispute concerning Plaintiff's April 8, 2021 responses to Interrogatories Nos. 8 and 9 of Defendants' Second Set of Interrogatories to Lead Plaintiff Pension Trust Fund for Operating Engineers.  Pursuant to ECF No. 138 at 1, fact discovery closes on January 4, 2022, and expert discovery will close on June 18, 2022.  The Court has not set dates for a pretrial conference or trial.  Lead counsel attest that they have met and conferred several times, including by numerous letters and telephone, regarding the issues prior to filing this letter.  The parties jointly request oral argument with telephonic appearances.

**<u>DEFS' POSITION</u>:  Plaintiff should answer Interrogatory Nos. 8 and 9 by (8) stating with specificity which words, phrases, or portions of statements Plaintiff believes are false or misleading, and/or which material facts were omitted for each challenged statement; and (9) stating why Plaintiff believes each challenged statement was false or misleading.**

For almost three years, Plaintiff has sought extensive discovery from Defendants and dozens of non-parties in furtherance of its securities fraud action, and yet, until recently, Plaintiff would not even provide a list of the statements it is challenging—a threshold requirement in any case of this nature.  On May 6, 2021, Plaintiff finally produced a list of over 300 bolded sentences made in 40 separate statements on 29 different days.  But it still refuses to (i) clearly identify which part of each statement is false or misleading, and/or what is omitted, and (ii) explain the basis on which the statements are challenged, instead objecting that the interrogatories are premature.

**Plaintiff should respond to Interrogatory Nos. 8 and 9 with this basic threshold information within 10 days of an order for the following reasons**:  ***First***, Plaintiff's Supplemental Response to Interrogatory No. 7 illustrates why Plaintiff must specify exactly which statements it is challenging, and the basis for each challenge.  ***Second***, the information sought, which is exclusively within Plaintiff's possession, is commonly required to be provided at the *outset* of litigation.  ***Third***, receiving responses to Interrogatory Nos. 8 and 9 without further delay is critical to Defendants' preparation for depositions and development of their factual defenses to Plaintiff's claims.  Defendants should not have to wait until the close of fact discovery (as proposed by Plaintiff)—when it will be too late to obtain additional documents or testimony—for Plaintiff to reveal exactly what it is challenging, and the basis for its challenges.

**1. Plaintiff's Supplemental Response to Interrogatory No. 7 Demonstrates Why Plaintiff Must Respond to Interrogatory Nos. 8 and 9.**  Plaintiff's recent supplemental response to Interrogatory No. 7 purports to identify the specific statements Plaintiff is challenging, but it

does not—<u>Plaintiff bolds 300 sentences</u> over 40 separate statements across 29 different days. It is not obvious to Defendants what Plaintiff contends is false or misleading. *E.g.*, Suppl. Resp. Rog. No. 7 at 14 ("Where we do see a price increase occurring around a molecule, it can sometimes be quite high."). And, a significant number of these statements do not even fall within the categories of statements that survived Judge Breyer's ruling on the motion to dismiss.[1] *See, e.g.*, Suppl. Resp. Rog. No. 7 at 18-20 (challenging statements with no reference to price increases: "Revenues for 2015 increased 30% to $179.0 billion from 2014 and revenues for 2014 increased 12% to $137.4 billion from 2013" and "Operating profit margin in 2014 was flat compared to 2013 primarily reflecting an increase in gross profit margin"). Because Plaintiff decided not to amend its complaint, responses to Interrogatory Nos. 8 and 9 are necessary to clarify the bases for each challenged statement and whether they are even permitted under Judge Breyer's ruling.

**2. Interrogatory Nos. 8 and 9 Seek Threshold Information and Are Not Premature.**
Plaintiff concedes that Interrogatory Nos. 8 and 9 seek relevant information, but objects that they are premature. They are not. Indeed, many courts in this district require a securities class action plaintiff to organize its allegations on a statement-by-statement basis, including *the reasons* it contends each statement was false or misleading, at the earliest stages of the case. *See, e.g.*, Guidelines for Securities Class Actions, Hon. Lucy Koh; *Iron Workers Local 580 Joint Funds v. NVIDIA Corp.*, 18-cv-07669-HSG, 3/16/2020 Order at 16 n.2 [Dkt. 123]. These courts recognize the importance of ensuring from the outset that a plaintiff's contentions of falsity drive fact development and motion practice. And these orders require a level of detail about challenged statements that Plaintiff here refuses to provide.

Here, *years into the litigation*, Defendants still face uncertainty about the significance of the hundreds of bolded sentences and Plaintiff's basis for asserting falsity as to those statements. Interrogatory Nos. 8 and 9 are tailored to clarify the issues in this case and may be propounded during fact discovery. *See In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 338–39 (N.D. Cal. 1985). Plaintiff's objection on grounds of prematurity lacks merit where—years into this case—Defendants seek the very information that courts often require at the outset. *See* N.D. Cal orders above and *In re Wilmington Tr. Sec. Litig.*, 2017 WL 2457456, at *2 (D. Del. June 6, 2017) (interrogatories not premature where "substantial discovery" had occurred and "responses would contribute meaningfully to the progress of the case").[2]

While the parties to a securities fraud litigation typically dispute the alleged falsity and scienter with respect to each challenged statement, it is untenable to proceed where it is unclear which

---

[1] That Defendants have negotiated discovery to date based on Defendants' understanding of the *categories* of challenged statements permitted by the Court's order does not entitle Plaintiff to refuse to clarify which statements are at issue and why.

[2] Plaintiff's cited authority is distinguishable. *See* Order, *Smilovits v. First Solar Inc., et al.*, No. 2:12-cv-00555-DGC (D. Ariz. Dec. 9, 2014), ECF No. 252 ("*First Solar* Order") (requiring plaintiff to answer questions about challenged statements after discovery closed, specifically because defendants there—unlike here—delayed in serving interrogatories); *Campbell v. Facebook Inc.*, 2015 WL 3533221, at *4 (N.D. Cal. June 3, 2015) (privacy case not involving challenged statements where defendant—unlike here—had not shown how responses would clarify issues in the case); *Convergent*, 108 F.R.D. at 342 (complaint contained sufficiently detailed allegations regarding defendants' status as control persons).

challenged statements are even at issue, and why.  That is the situation Defendants face here.

**3.  Responses to Interrogatory Nos. 8 and 9 Are Needed *Now*.**  Confirmation of what Plaintiff believes Defendants misrepresented or omitted, and why, is a threshold issue for continuing discovery.  Defendants cannot wait until near completion of discovery for Plaintiff to reveal what exactly it is challenging.  Such delay would deny Defendants a fair chance to fully develop defenses for each statement through affirmative discovery and risk wasted effort defending against statements that are not being challenged, or being challenged for other reasons.

The discovery burden on Defendants is unnecessarily and unfairly increased by Plaintiff's refusal to respond to the most fundamental of interrogatories in a securities class action.  Plaintiff has sought and received broad discovery in this case—Defendants have produced nearly 800,000 documents from 43 custodians and custodial sources, and Plaintiff subpoenaed 28 third-party manufacturers, 14 of which have already produced over 500,000 documents.  On July 15, 2021, Plaintiff also requested 45 depositions (30 from Defendants and 15 from third parties); Plaintiff has not identified the witnesses it intends to depose.  Defendants must have a clear and equal understanding of Plaintiff's challenged statements in order to efficiently target documents and testimony that are relevant to the issues in the case and to fairly probe the relevance of Plaintiff's ongoing discovery demands.  For example, Plaintiff should indicate what Defendants omitted to say in each challenged statement, *i.e.*, what should have been said.  Plaintiff possesses information sufficient to answer these threshold interrogatories and could amend if new information is discovered.  Plaintiff should not be permitted to delay its response further.

    **PLAINTIFF'S POSITION**:  On October 30, 2019, Judge Breyer issued a succinct and clear opinion largely denying defendants' motion to dismiss.  ECF No. 67 ("MTD Order").  In the MTD Order, Judge Breyer cogently explained that three categories of statements and omissions were adequately alleged: (1) statements attributing McKesson's increased growth and earnings to increases in generic drug prices by a "small proportion" of manufacturers on a "small proportion" of drugs, which defendants attributed to legitimate supply disruptions ("Supply Disruption Statements"), *e.g.*, ¶145[3]; (2) statements that the generic drug market was competitive ("Competitive Market Statements"), *e.g.*, ¶137; and (3) McKesson's financial results to the extent they were attributed to "drug . . . price increases" ("Financial Results"), *e.g.*, ¶169.  Since the MTD Order issued, defendants demonstrated time and time again their understanding of which statements survived the pleadings stage, repeatedly defining these "Challenged Statements."  *See* ECF No. 94 at 7; ECF No. 110 at 4.  And while defendants sought clarification of the MTD Order as it related to loss causation, they never sought clarification of falsity.  *See* ECF No. 70 at 10-13.

    At the end of 2019, plaintiff served its first set of requests for production ("RFPs").  In response to 21 RFPs, defendants agreed to produce documents pertaining to "Defendants' basis for and knowledge in connection with the Remaining Challenged Statements" – defined as the three categories summarized above.  Throughout 2020, the parties extensively negotiated and litigated discovery issues pertaining to those RFPs.  Not once during that time did defendants express "uncertainty" as to what was and was not a "Remaining Challenged Statement[]."

---

[3] References to "¶__" or "¶¶__" in plaintiff's portion of this joint letter and the concurrently filed joint letter pertaining to Rogs. 10-12 are to the Complaint (ECF No. 43).

16 months after the MTD Order issued, on March 9, 2021, defendants served Rogs. 7-9, seeking identification of the statements plaintiff is challenging (Rog. 7), the specific words plaintiff is challenging as false or misleading (Rog. 8), and the reasons why (Rog. 9). In light of the clarity with which defendants operated prior to 2021, and the fact that all of the requested information is in the Complaint and Judge Breyer's MTD Order, plaintiff initially refused to answer Rogs. 7-9 as premature. Plaintiff's pleading survived the PSLRA's exacting standards, and any information beyond what is contained in the Complaint will be borne out of discovery. However, pursuant to what plaintiff understood was a compromise, plaintiff agreed to supplement its response to Rog. 7 and defer further responses to Rogs. 8-9. Yet, a week after receiving plaintiff's supplemental response to Rog. 7, defendants demanded responses to Rogs. 8-9. That request should be denied.

***Plaintiff's supplemental response to Rog. 7 provides the information requested.*** Rog. 7 requested that plaintiff provide each challenged statement and the speaker, date, and location of the statement. Plaintiff's response does that and more: it lists each statement that survived the MTD Order; provides the speaker, date, and location; and bolds the precise phrases that are alleged to be false and misleading. *See* Ex. A at 2 n.1. This bolding served a different purpose from the bolding in the Complaint, the latter of which was to emphasize specific facts. Defendants complain that certain bolded statements fall outside of the MTD Order, but they are wrong. To take defendants' example, the statement in ¶175 that "[i]ncreases in our revenues were primarily driven by our Distribution Solutions segment" is bolded because Distribution Solutions' increases in revenues were attributed "primarily . . . to market growth and our mix of business," which in turn is attributed to "growing drug utilization, which includes newly launched drugs and ***price increases***." Ex. A at 14. This type of statement is precisely what the Court was referring to when it held that the Financial Results were materially misleading because they "attribut[ed] revenue to 'drug . . . price increases.'" MTD Order at 17 (citing ¶¶171-172). Indeed, the statements in ¶175 are indistinguishable from those contained in ¶¶171-172, paragraphs that the Court cited as exemplar Financial Results statements.

***Plaintiff's response to Rog. 7, the Complaint, and the MTD Order provide the information requested by Rogs. 8-9.*** Rog. 8 seeks the "words, phrases or portions you believe are false, misleading, and/or which material facts were omitted." Rog. 9 asks plaintiff to "state why you believe [each statement] was false or misleading." Defendants contend that without responses to these interrogatories, they will face "uncertainty" about which statements are challenged and why. As support, defendants point to guidelines from courts in this district that "require a securities class action plaintiff to organize its allegations on a statement-by-statement basis, including the reasons it contends each statement was false or misleading, at the earliest stages of the case."

What defendants fail to acknowledge is that those cited guidelines pertain to pleading a ***complaint***, and ***plaintiff did this***. Plaintiff filed the operative Complaint in April 2019, listing out each challenged statement. Plaintiff also stated the material facts that were omitted and the reasons why each challenged statement was materially false and misleading. ¶¶140(a)-(d), 152(a)-(d), 163(a)-(e), 166(a)-(c), 182. By way of example, ¶140(a) explains that the Supply Disruption Statements were materially false and misleading because "the price hikes driving McKesson's financial results were implemented on drugs for which no supply disruption had in fact occurred." ¶163(a) states that the Competitive Market Statements were materially false and misleading because "dozens of price hikes were the result of collusive behavior." Similarly, ¶182 explains that the Financial Results "were materially false and misleading when made because "McKesson's

4

financial results were materially impacted by unsustainable generic drug price hikes, including price increases driven by collusive activities." Judge Breyer provided further analysis of why the remaining statements were materially false and misleading. MTD Order at 14-17.

Essentially, defendants request that plaintiff pair the omitted facts and reasons listed in ¶¶140(a)-(d), 152(a)-(d), 163(a)-(e), 166(a)-(c) and 182 with the statements listed in plaintiff's supplemental response to Rog. 7 – all of which include a citation to the paragraph in the Complaint from which that statement was taken. Engaging in such an exercise at a time when plaintiff is briefing its opposition to defendants' summary judgment motion, and while in the thick of discovery, would be nothing more than make work and should be denied. *See* Order, *Smilovits v. First Solar Inc., et al.*, No. 2:12-cv-00555-DGC (D. Ariz. Dec. 9, 2014), ECF No. 252 ("*First Solar* Order") (denying request for further responses to interrogatories that focus on, *inter alia*, "false statements at issue in this case" because the complaint "sets forth the alleged false statements with reasonable specificity"); *Campbell v. Facebook Inc.*, 2015 WL 3533221, at *4 (N.D. Cal. June 3, 2015) (denying motion to compel because the complaint "contains detailed factual allegations about the conduct Plaintiffs challenge as unlawful, and – from the Court's review – contains allegations that address Facebook's concern above"); *Convergent*, 108 F.R.D. at 342 (denying motion to compel immediate responses to interrogatories in light of the information that "plaintiffs already provided" in the complaint).

**_Any further response to Rogs. 8-9 is premature._** As defendants' authority makes clear, "[i]f a complaint presents a relatively detailed specification of the real world events giving rise to it, and proceeds on relatively well established legal theories, an attempt to justify early use of contention interrogatories on the ground that answers would clarify the issues would not be especially persuasive." *Convergent*, 108 F.R.D. at 337. As explained above, the Complaint here does. Thus, defendants bear the "burden of justification," *id.* at 338, which they fail to carry.

Defendants state they require "a fair chance to fully develop defenses for each statement through affirmative discovery." But defendants offer no explanation as to why plaintiff's response to Rog. 7, the Complaint, and Judge Breyer's MTD Order do not provide that "fair chance." Any additional information will be borne out of discovery, which defendants only began producing in earnest **after** serving Rogs. 7-9 on March 9, 2021 and which plaintiff is expeditiously reviewing. Indeed, at that point in time, defendants had produced **less than 15%** of the total document production to date (or 119,878 documents), 23% of which (28,436 documents) were produced the day before the interrogatories were served. Given defendants' delayed production, no fact depositions have taken place.[4] Plaintiff should be afforded a reasonable opportunity to review the documents that have been produced and take fact depositions before responding to Rogs. 8-9. *See First Solar* Order (denying request to compel and deferring responses to interrogatories until "after the close of discovery"). **Final position:** Plaintiff should respond to Rog. 7, which plaintiff did on May 6, 2021, and should respond to Rogs. 8-9 30 days after the close of fact discovery.

---

[4] This is in contrast to *Wilmington*, where the interrogatories were not premature because "substantial discovery, including nearly three years of document production, [wa]s almost complete" and nine fact witnesses had been deposed. 2017 WL 2457456, at *2. For further details pertaining to defendants' pace of production, please see the joint letter regarding Rogs. 10-12.

DATED:  August 2, 2021          Respectfully submitted,

                                SIDLEY AUSTIN LLP


                                /s/ *Sara B. Brody*
                                SARA B. BRODY

                                SIDLEY AUSTIN LLP

                                Sara B. Brody (SBN 130222)
                                sbrody@sidley.com
                                Jaime A. Bartlett (SBN 251825)
                                jbartlett@sidley.com
                                555 California Street, Suite 2000
                                San Francisco, CA  94104
                                Telephone:  (415) 772-1200

                                Robin Wechkin (admitted pro hac vice)
                                rwechkin@sidley.com
                                1420 Fifth Avenue, Suite 1400
                                Seattle, WA 98101
                                Telephone:  (415) 439-1799

                                SIMPSON THACHER & BARTLETT LLP

                                Simona G. Strauss (Bar No. 203062)
                                sstrauss@stblaw.com
                                2475 Hanover Street
                                Palo Alto, California  94304
                                Telephone:     (650) 251-5000
                                Facsimile:     (650) 251-5002

                                Jonathan K. Youngwood (admitted pro hac vice)
                                jyoungwood@stblaw.com
                                425 Lexington Avenue
                                New York, New York 10017
                                Telephone:     (212) 455-2000
                                Facsimile:     (212) 455-2502

                                *Attorneys for Defendants*


DATED:  August 2, 2021          ROBBINS GELLER RUDMAN
                                & DOWD LLP
                                SPENCER A. BURKHOLZ
                                LUKE O. BROOKS

JONAH H. GOLDSTEIN
ANGEL P. LAU
CHRISTOPHER D. STEWART
ANDREW W. HUTTON
ERIKA OLIVER


/s/ *Spencer A. Burkholz*
SPENCER A. BURKHOLZ

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

*Lead Counsel for Lead Plaintiff*

7

## SIGNATURE ATTESTATION

I am the ECF user whose identification and password are being used to file the foregoing Statement. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that the signatory has concurred in this filing.

/s/ *Sara B. Brody*
SARA B. BRODY

**CERTIFICATE OF SERVICE**

I hereby certify under penalty of perjury that on August 2, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

/s/ *Sara B. Brody*
SARA B. BRODY

SIDLEY AUSTIN LLP
555 California Street, Suite 2000
San Francisco, CA 94104
Telephone: 415/772-1200
415/772-7400 (fax)
E-mail: sbrody@sidley.com

# Mailing Information for a Case 3:18-cv-06525-CRB Evanston Police Pension Fund v. McKesson Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com,MAlbert@ecf.courtdrive.com

- **Jaime Allyson Bartlett**
  jbartlett@sidley.com,sfefilingnotice@sidley.com,zalam@sidley.com,tberninzoni@sidley.com,jamie-bartlett-0904@ecf.pacerpro.com,enorwood@sidley.com,tmagana@sidley.com,zarine-alam-6203@ecf.pacerpro.com,sfdocket@sidley.com,dgiusti@sidley.com,rwechkin@sidley.com

- **Sara B. Brody**
  sbrody@sidley.com,ddelarocha@sidley.com,shemmendinger@sidley.com,sfdocket@sidley.com,therron@sidley.com,bgillig@sidley.com,sara-brody-9555@ecf.pacerpro.com

- **Luke O Brooks**
  lukeb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Spencer A. Burkholz**
  SpenceB@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Jonah Goldstein**
  jonahg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Andrew Winfield Hutton**
  dhutton@rgrdlaw.com

- **Angel Puimei Lau**
  alau@rgrdlaw.com,8467512420@filings.docketbird.com,tdevries@rgrdlaw.com,e_file_sd@rgrdlaw.com,alau@ecf.courtdrive.com,scaesar@rgrdlaw.com

- **Ryan Anthony Llorens**
  ryanl@rgrdlaw.com

- **Tricia Lynn McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Erika Limpin Oliver**
  eoliver@rgrdlaw.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Jeffrey James Stein**
  jstein@rgrdlaw.com,JStein@ecf.courtdrive.com,kmccormack@rgrdlaw.com

- **Christopher Dennis Stewart**
  CStewart@rgrdlaw.com

- **Lesley Elizabeth Weaver**
  lweaver@bfalaw.com,emily-aldridge-5965@ecf.pacerpro.com,lesley-weaver-4669@ecf.pacerpro.com

- **Robin Eve Wechkin**
  rwechkin@sidley.com,robin-wechkin-9585@ecf.pacerpro.com,sfefilingnotice@sidley.com,sfdocket@sidley.com,mhanhan@sidley.com,enorwood@sidley.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`