1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  SPENCER A. BURKHOLZ (147029)
   ELLEN GUSIKOFF STEWART (144892)
3  LUKE O. BROOKS (212802)
   CHRISTOPHER D. STEWART (270448)
4  JEFFREY J. STEIN (265268)
   ANDREW W. HUTTON (172033)
5  ERIKA OLIVER (306614)
   NATALIE F. LAKOSIL (322836)
6  655 West Broadway, Suite 1900
   San Diego, CA  92101
7  Telephone:  619/231-1058
   619/231-7423 (fax)
8  spenceb@rgrdlaw.com
   elleng@rgrdlaw.com
9  lukeb@rgrdlaw.com
   cstewart@rgrdlaw.com
10 jstein@rgrdlaw.com
   dhutton@rgrdlaw.com
11 eoliver@rgrdlaw.com
   nlakosil@rgrdlaw.com
12
   Lead Counsel for Lead Plaintiff
13
   [Additional counsel appear on signature page.]
14
                        UNITED STATES DISTRICT COURT
15
                      NORTHERN DISTRICT OF CALIFORNIA
16
   EVANSTON POLICE PENSION FUND,          )   Case No. 3:18-cv-06525-CRB
17 Individually and on Behalf of All Others )
   Similarly Situated,                     )   CLASS ACTION
18                                          )
                              Plaintiff,    )   STIPULATION OF SETTLEMENT
19                                          )
         vs.                                )
20                                          )
   MCKESSON CORPORATION, et al.,            )
21                                          )
                              Defendants.   )
22 _____ )
23
24
25
26
27
28

4886-7379-0778.v2

This Stipulation of Settlement (the "Stipulation") is made and entered into by and between Lead Plaintiff Pension Trust Fund for Operating Engineers ("Lead Plaintiff" or the "Fund"), on behalf of itself and the proposed Class (defined below), on the one hand, by and through its counsel of record in the Action (as defined herein), and Defendants McKesson Corporation ("McKesson" or the "Company"), John H. Hammergren, and James Beer (collectively, "Defendants") on the other hand, by and through their counsel of record in the Action.

All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms as set forth herein and in ¶1 hereof entitled "Definitions."

## I.    THE LITIGATION

On October 25, 2018, the initial complaint in *Evanston Police Pension Fund v. McKesson Corporation, et al.*, No. 3:18-cv-06525-CRB, was filed in the United States District Court for the Northern District of California (the "Court").  On December 26, 2018, the Fund moved for appointment as Lead Plaintiff and approval of its selection of counsel.

On February 8, 2019, the Court appointed the Fund as lead plaintiff and approved its selection of Robbins Geller Rudman & Dowd LLP as lead counsel.

Lead Plaintiff filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws on April 9, 2019, alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act") against all Defendants and §20A of the 1934 Act against Defendant Hammergren.  Defendants filed their motion to dismiss the complaint on June 10, 2019.  Lead Plaintiff filed its opposition to the motion to dismiss on July 25, 2019.  On October 30, 2019, the Court entered an order granting in part and denying in part the motion to dismiss.  Defendants moved for leave to file a motion for reconsideration on December 6, 2019, and Lead Plaintiff filed an opposition to Defendants' request on December 9, 2019.  On December 19, 2019, the Court denied the Defendants' motion for leave to file a motion for reconsideration, and granted the motion for clarification of its motion to dismiss order with respect to its loss causation findings.  Defendants answered the complaint on February 7, 2020.

The Parties conducted extensive written and documentary discovery through 2020 and 2021. On November 16, 2020, Lead Plaintiff moved to certify the class.  Following full briefing, on April

8, 2021, the Court granted the motion, and also permitted Defendants to move for partial summary judgment as to loss causation for the November 3, 2016 disclosure.

On June 7, 2021, Defendants moved for partial summary judgment. Lead Plaintiff filed its opposition on August 9, 2021, and Defendants filed their reply on September 23, 2021. Lead Plaintiff filed a sur-reply declaration on October 14, 2021. Oral argument on Defendants' motion took place on October 21, 2021, and on that date the Court issued an order granting partial summary judgment as to loss causation for the November 3, 2016 disclosure.

On December 29, 2021, Lead Plaintiff filed an Amended Complaint, and the Court stayed most discovery and vacated the case schedule. On February 14, 2022, Defendants filed a motion to dismiss the entire action, and Defendant Hammergren moved to dismiss the §20A claim against him. Lead Plaintiff filed its opposition on March 31, 2022, and Defendants' replies were filed on May 2, 2022. The motions were set for hearings when the agreement-in-principle to resolve the case was reached.

On May 6, 2022, the parties attended a full-day mediation with Greg Danilow of Phillips ADR. In advance of the mediation, the parties exchanged and provided to Mr. Danilow detailed confidential mediation briefs with supporting exhibits. The parties negotiated in good faith but did not reach an agreement, and litigation continued. The parties continued their negotiation efforts while litigating the Action. Certain insurance companies who issued directors and officers ("D&O") liability insurance to McKesson (the "Insurers") also participated in the settlement process. After extensive negotiations, a proposal from the Mediator was issued to resolve the Action, and on September 27, 2022, the parties reached an agreement-in-principle to settle the case on the terms set forth herein.

## II.    LEAD PLAINTIFF'S CLAIMS AND BENEFITS OF SETTLEMENT

Lead Plaintiff believes that the claims asserted in the Action have merit and that the evidence developed to date supports the claims asserted. However, Lead Plaintiff and Lead Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Action through discovery, summary judgment, and trial (and any possible appeals). Lead Plaintiff and Lead Counsel also have taken into account the uncertain outcome and the risk of any

1  litigation, especially in complex actions such as the Action, as well as the difficulties and delays

2  inherent in such litigation.  Lead Counsel is mindful of the inherent problems of proof and the

3  possible defenses to the claims alleged in the Action.  Based on their evaluation, Lead Plaintiff and

4  Lead Counsel believe that the Settlement set forth in this Stipulation confers substantial monetary

5  benefits upon the Class and is in the best interests of the Class.

6  **III.     DEFENDANTS' DENIALS OF LIABILITY**

7           Defendants have denied and continue to deny each and all of the claims, contentions, and

8  allegations made by Lead Plaintiff in the Action.  They have expressly denied and continue to deny

9  that they have violated the federal securities laws or any other laws, or have otherwise misled

10  investors as alleged in the Action.  Defendants have denied and continue to deny the allegations that

11  any of the Defendants made any material misstatements or omissions or engaged in any fraudulent

12  scheme, and that any member of the Class has suffered damages resulting from the conduct alleged

13  in the Action.  In addition, Defendants maintain that they have meritorious defenses to the claims

14  alleged in the Action.

15           Nonetheless, Defendants have concluded that further litigation could be protracted,

16  burdensome, expensive, and distracting.  Defendants also have taken into account the uncertainty,

17  risks, and costs inherent in any litigation, especially in complex cases such as this Action.

18  Defendants have, therefore, determined that it is desirable and beneficial to them that the Action be

19  fully, finally, and forever resolved, discharged, and settled in the manner and upon the terms and

20  conditions set forth in this Stipulation.

21           NOW THEREFORE, without any concession by Lead Plaintiff that the Action lacks merit,

22  and without any concession by Defendants of any liability or wrongdoing or truth as to the

23  allegations of Lead Plaintiff or lack of merit in Defendants' defenses, it is hereby **STIPULATED**

24  **AND AGREED**, by and among the parties to this Stipulation ("Parties"), through their respective

25  attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil

26  Procedure, that, in consideration of the benefits flowing to the Parties hereto, all Released Claims

27  (including Unknown Claims) and all Released Defendants' Claims (including Unknown Claims), as

28  against all Released Parties, shall be fully, finally, and forever compromised, settled, released,

1    discharged, and dismissed with prejudice, and without costs (except as provided in the Stipulation),
2    upon and subject to the following terms and conditions:

3        **1.    Definitions**

4        As used in this Stipulation, the following terms shall have the meanings set forth below.

5        1.1    "Action" means the civil action captioned *Evanston Police Pension Fund v.*
6    *McKesson Corporation, et al.*, No. 3:18-cv-06525-CRB (N.D. Cal.), pending in the United States
7    District Court for the Northern District of California before the Honorable Charles R. Breyer.

8        1.2    "Authorized Claimant" means a Class Member whose claim for recovery from the
9    Settlement has been allowed pursuant to the terms of the Stipulation.

10        1.3    "Claims Administrator" means the firm of Gilardi & Co. LLC.  Defendants shall have
11    no involvement in the retention of the Claims Administrator or any other claims administrator.

12        1.4    "Class" or "Class Member" means all Persons that purchased or acquired McKesson
13    common stock between October 24, 2013 and October 27, 2016, inclusive.  Excluded from the Class
14    are Defendants and their families, the officers and directors of McKesson during the Class Period,
15    members of their immediate families, and their legal representatives, heirs, successors or assigns,
16    and any entity in which Defendants have or had a controlling interest.  Also excluded from the Class
17    will be any Person who timely and validly seeks exclusion from the Class.

18        1.5    "Class Period" means the period from October 24, 2013 through October 27, 2016,
19    inclusive.

20        1.6    "Defendants" means McKesson, John H. Hammergren, and James Beer.

21        1.7    "Defendants' Counsel" means Sidley Austin LLP and Simpson Thacher & Bartlett
22    LLP.

23        1.8    "Effective Date" means the date upon which the Settlement shall have become
24    effective, as set forth in ¶7.1, below.

25        1.9    "Escrow Account" means the separate escrow account designated and controlled by
26    Lead Counsel into which the Settlement Amount will be deposited for the benefit of the Class.

27        1.10    "Escrow Agent" means Lead Counsel.

28

1      1.11    "Fee and Expense Application" means Lead Counsel's application for an award of

2 attorneys' fees and litigation expenses.

3      1.12    "Final" means, with respect to any order of court, including, without limitation, the

4 Judgment, that such order represents a final and binding determination of all issues within its scope

5 and is not subject to further review on appeal or otherwise.  Without limitation, an order becomes

6 "Final" when: (i) no appeal has been filed and the prescribed time for commencing any appeal has

7 expired; or (ii) an appeal has been filed and either (a) the appeal has been dismissed and the

8 prescribed time, if any, for commencing any further appeal has expired, or (b) the order has been

9 affirmed in all material respects and the prescribed time, if any, for commencing any further appeal

10 has expired.  For purposes of this definition of "Final," an "appeal" includes any motion to alter or

11 amend under Rule 52(b) or Rule 59(e) of the Federal Rules of Civil Procedure, any appeal as of

12 right, discretionary appeal, interlocutory appeal, petition for writ of certiorari, or other proceeding

13 involving writs of certiorari or mandamus, and any other proceedings of like kind.  However, any

14 appeal or proceeding seeking subsequent judicial review pertaining solely to the Plan of Allocation,

15 or to the Court's award of attorneys' fees or expenses, shall not in any way delay or affect the time

16 set forth above for the Judgment to become Final or otherwise preclude the Judgment from

17 becoming Final.

18      1.13    "Individual Defendants" means John H. Hammergren and James Beer.

19      1.14    "Judgment" means the proposed judgment to be entered by the Court approving the

20 Settlement, substantially in the form attached hereto as Exhibit B.

21      1.15    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP.

22      1.16    "Lead Plaintiff" means Pension Trust Fund for Operating Engineers.

23      1.17    "Net Settlement Fund" means the Settlement Fund less:  (i) Court-awarded attorneys'

24 fees and expenses; (ii) Notice and Administration Expenses; (iii) Taxes and Tax Expenses; and (iv)

25 any other fees or expenses approved by the Court.

26      1.18    "Notice" means the Notice of Pendency and Proposed Settlement of Class Action to

27 be sent to Class Members, which shall be substantially in the form attached hereto as Exhibit A-1.

28

STIPULATION OF SETTLEMENT - 3:18-cv-06525-CRB                                                          - 5 -
4886-7379-0778.v2

1.19    "Person(s)" means any individual, corporation (including all divisions and subsidiaries), general or limited partnership, limited liability partnership, domestic partnership, marital community, association, joint stock company, joint venture, or joint venturer, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

1.20    "Plan of Allocation" means the plan for allocating the Net Settlement Fund as set forth in the Notice, or such other plan of allocation as the Court may approve.

1.21    "Preliminary Approval Order" means the proposed Order Preliminarily Approving Settlement and Providing for Notice, substantially in the form attached hereto as Exhibit A.

1.22    "Proof of Claim" or "Claim Form" means the Proof of Claim for submitting a claim, which shall be substantially in the form attached hereto as Exhibit A-2.

1.23    "Related Persons" means, with respect to the Defendant McKesson, each and all of their respective present or former parents, subsidiaries, affiliates, successors and assigns, and each and all of the present or former officers, directors, employees, employers, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, agents, spouses, associates, and assigns of each or any of them or any trust of which any Defendant is the settlor or which is for the benefit of any Defendant and any entity in which any such Defendant has a controlling interest.  With respect to the Defendants Hammergren and Beer, "Related Persons" means each and all of their respective present or former affiliates, successors and assigns, attorneys, accountants, financial advisors, commercial bank lenders, insurers, reinsurers, investment bankers, representatives, general and limited partners and partnerships, heirs, executors, administrators, agents, spouses, associates, and assigns of each or any of them or any trust of which either Defendant is the settlor or which is for the benefit of either Defendant and any entity in which either Defendant has a controlling interest.

1.24    "Released Claims" means any and all claims, rights, liabilities, and causes of action of every nature and description, including both known claims and Unknown Claims (as defined below), whether contingent or absolute, asserted or unasserted, mature or unmature, discoverable or

1    undiscoverable, liquidated or unliquidated, accrued or unaccrued, including those that are concealed

2    or hidden, regardless of legal or equitable theory, that both (i) arise out of, are based upon, or are

3    related in any way to the allegations, acts, facts, matters, occurrences, disclosures, filings,

4    statements, representations, or omissions that were or could have been alleged by Lead Plaintiff and

5    all other Class Members in the Action whether arising under federal, state, local, common or foreign

6    law, or any other law, rule, or regulation, whether class or individual in nature, and (ii) relate to the

7    purchase or acquisition of McKesson common stock during the Class Period.  Notwithstanding the

8    foregoing, "Released Claims" does not include claims relating to the enforcement of the Settlement,

9    or claims that could be brought in any derivative action based on similar allegations.

10         1.25   "Released Defendant Parties" means each and all of the Defendants, and each of their

11    Related Persons.

12         1.26   "Released Defendants' Claims" means all claims and causes of action of every nature

13    and description, including both known claims and Unknown Claims (as defined below), whether

14    arising under federal, state, common or foreign law, or any other law, that Defendants could have

15    asserted against any of the Released Plaintiff Parties, including Lead Counsel and Class Members,

16    that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the

17    Action, except for claims relating to the enforcement of the Settlement.

18         1.27   "Released Parties" means the Released Defendant Parties and the Released Plaintiff

19    Parties.

20         1.28   "Released Plaintiff Parties" means the Lead Plaintiff, each and every Class Member,

21    Lead Counsel, and each of their respective past or present trustees, officers, directors, partners,

22    employees, contractors, auditors, principals, agents, attorneys, predecessors, successors, assigns,

23    insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability

24    companies; and the spouses, members of the immediate families, representatives, and heirs of any

25    Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff

26    Party is the settlor or which is for the benefit of any of their immediate family members.  Released

27    Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Class.

28

1.29    "Settlement" means the resolution of the Action in accordance with the terms and provisions of the Stipulation.

1.30    "Settlement Amount" means one hundred forty-one million U.S. dollars ($141,000,000.00) in cash.

1.31    "Settlement Fund" means the Settlement Amount and any interest earned thereon.

1.32    "Settlement Hearing" means the hearing to be held by the Court to determine whether (i) the Settlement is fair, reasonable, and adequate and should be approved; (ii) the Plan of Allocation is fair, reasonable, and adequate and should be approved; and (iii) Lead Counsel's request for an award of attorneys' fees and expenses should be approved.

1.33    "Settling Parties" means Lead Plaintiff, on behalf of the Class, and Defendants.

1.34    "Stipulation" means this Stipulation of Settlement.

1.35    "Summary Notice" means the Summary Notice for publication, which shall be substantially in the form attached hereto as Exhibit A-3.

1.36    "Tax Expenses" means expenses and costs incurred in connection with the calculation and payment of taxes or the preparation of tax returns and related documents, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs relating to filing (or failing to file) the returns described in ¶2.8.

1.37    "Taxes" means all taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund as described in ¶2.8.

1.38    "Unknown Claims" means any and all Released Claims that Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her or its favor, which if known by him, her or it, might have affected his, her or its decision to enter into this Settlement, execute this Stipulation, and agree to all the various releases set forth herein, or might have affected his, her or its decision not to object to this Settlement or not exclude himself, herself or itself from the Class.  Unknown Claims include, without limitation, those claims in which some or all of the facts composing the claim may be unsuspected, undisclosed, concealed, or hidden.  With respect to any and all Released Claims and

Released Defendants' Claims, the Released Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Class Members (as regards the Released Claims) and the Defendants (as regards the Released Defendants' Claims) shall expressly waive and relinquish, and each Class Member shall be deemed to have and by operation of law and of the Judgment shall have, expressly waived and relinquished, to the fullest extent permitted by law, any and all provisions, rights and benefits conferred by California Civil Code §1542, or any law of any state or territory of the United States, or principle of common law or of international or foreign law, which is similar, comparable, or equivalent to Cal. Civ. Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

## 2.    The Settlement

### a.    The Settlement Fund

2.1     In full settlement of the Released Claims, Defendants shall cause the Settlement Amount to be transferred to an account controlled by the Escrow Agent no later than fifteen (15) business days after the later of: (i) a court order granting Lead Plaintiff's Unopposed Motion for Preliminary Approval of Settlement; or (ii) the provision to Defendants of information necessary to effectuate a payment of funds, including, without limitation, the beneficiary account name, the U.S. bank name, address, account number and ABA bank and SWIFT code (*i.e.*, routing number), the payment reference, a completed W-9 form for the payee, and payee instructions for payment by check; or (iii) the receipt of name and verifiable contact information of someone who can verbally confirm the payment instructions (the later of the foregoing (i), (ii), and (iii) being hereinafter referred to as the "Payment Date").  These funds, together with any interest and income earned thereon once transferred, shall constitute the Settlement Fund.

2.2     If the entire Settlement Amount is not deposited into the Escrow Account by the Payment Date, Lead Counsel may terminate the Settlement but only if: (i) Defendants have received from Lead Counsel written notice of Lead Counsel's intention to terminate the Settlement; and (ii)

the entire Settlement Amount is not transferred to the Escrow Account within three (3) business days after Lead Counsel has provided such written notice.

**b.    The Escrow Agent**

2.3    The Escrow Agent shall invest the Settlement Fund deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  All costs and risks related to the investment of the Settlement Fund in accordance with the guidelines set forth in this paragraph shall be borne by the Settlement Fund.

2.4    The Escrow Agent shall not disburse the Settlement Fund except: (a) as provided in the Stipulation; (b) by an order of the Court; or (c) with the written agreement of counsel for the Settling Parties.

2.5    Subject to further order(s) and/or directions as may be made by the Court, or as provided in the Stipulation, the Escrow Agent is authorized to execute such transactions as are provided for under the terms of the Stipulation.  The Released Parties shall have no responsibility for, interest in, or liability whatsoever with respect to, the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

2.6    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.7    Prior to the Effective Date and without further order of the Court, up to $1,500,000 of the Settlement Fund may be used by Lead Counsel to pay reasonable costs and expenses actually incurred in connection with providing notice to the Class, locating Class Members, soliciting claims, assisting with the submission of claims, processing Proofs of Claim, administering and preparations for distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any ("Notice and Administration Expenses").  After the Effective Date, Lead Counsel may pay all further reasonable Notice and Administration Expenses, regardless of amount, without further order of the Court.

c.     **Taxes**

2.8     (a)     The Settling Parties agree to treat the Settlement Fund as being at all times a "Qualified Settlement Fund" within the meaning of Treasury Regulation §1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.8, including the "relation-back election" (as defined in Treasury Regulation §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     For the purpose of §1.468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treasury Regulation §1.468B-2(k)).  Such returns (as well as the election described in ¶2.8(a) hereof) shall be consistent with this ¶2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest, or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.8(c) hereof.

(c)     All (a) Taxes (including any estimated Taxes, interest, or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "Qualified Settlement Fund" for federal or state income tax purposes, and (b) Tax Expenses, including expenses and costs incurred in connection with the operation and implementation of this ¶2.8 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.8), shall be paid out of the Settlement Fund; in all events the Released Defendant Parties and their counsel shall have no liability or responsibility for the Taxes or the Tax Expenses.  Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement

1   Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order

2   from the Court, and the Escrow Agent shall be obligated (notwithstanding anything herein to the

3   contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such

4   amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well

5   as any amounts that may be required to be withheld under Treasury Regulation §1.468B-2(l)(2));

6   neither the Released Defendant Parties nor their counsel are responsible nor shall they have any

7   liability therefor.  The Settling Parties hereto agree to cooperate with the Escrow Agent, each other,

8   and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions

9   of this ¶2.8.

10                    **d.    Termination of Settlement**

11          2.9    In the event the Stipulation is not approved or is terminated, canceled, or fails to

12   become effective for any reason, including, without limitation, in the event the Stipulation is not

13   approved or Judgment is reversed or vacated following any appeal taken therefrom, the Settlement

14   Fund (including accrued interest), less expenses actually incurred or due and owing for Notice and

15   Administration Expenses, Taxes or Tax Expenses pursuant to ¶¶2.7 or 2.8, shall be refunded

16   pursuant to ¶¶6.2 and 7.4 and written instructions from Defendants' Counsel to the party, parties or

17   insurers that paid the Settlement Amount within twenty-one (21) calendar days from the date of the

18   notice from counsel for Defendants pursuant to ¶7.4.

19          **3.    Preliminary Approval Order and Settlement Hearing**

20          3.1    Promptly after execution of the Stipulation, Lead Counsel shall submit the Stipulation

21   together with its exhibits (the "Exhibits") to the Court and shall apply for entry of an order (the

22   "Preliminary Approval Order"), requesting, *inter alia*, the preliminary approval of the Settlement set

23   forth in the Stipulation, certification of the Class and appointment of Lead Counsel as counsel for the

24   Class for settlement purposes only, and approval for the mailing of the Postcard Notice and

25   publication of the Summary Notice, in the forms of Exhibits A-4 and A-3, respectively, attached

26   hereto.  The Postcard Notice shall direct Class Members to the Settlement website to access the

27   Notice which shall contain the general terms of the Settlement set forth in the Stipulation, the

28

1  proposed Plan of Allocation, the general terms of the Fee and Expense Application, and the date of

2  the Settlement Hearing.

3      3.2     Lead Counsel shall request that, after notice is given to the Class, the Court hold the

4  Settlement Hearing and approve the Settlement of the Action as set forth herein.  At or after the

5  Settlement Hearing, Lead Counsel also shall request that the Court approve the proposed Plan of

6  Allocation and the Fee and Expense Application.

7      **4.     Releases**

8      4.1     Upon the Effective Date, Lead Plaintiff and each of the Class Members (who have not

9  validly opted out of the Class), on behalf of themselves, and their respective former and present

10 officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs,

11 executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be

12 deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever

13 released, relinquished, waived, and discharged against the Released Defendant Parties (whether or

14 not such Class Members execute and deliver the Proof of Claim) any and all Released Claims

15 (including, without limitation, Unknown Claims).

16     4.2     Upon the Effective Date, Lead Plaintiff and each of the Class Members (who have not

17 validly opted out of the Class) shall be permanently barred and enjoined from the institution,

18 maintenance, prosecution, or enforcement against any Released Defendant Party, in any state or

19 federal court or arbitral forum, or in the court of any foreign jurisdiction, of any and all Released

20 Claims (including, without limitation, Unknown Claims).   The Court shall retain exclusive

21 jurisdiction to interpret and enforce the permanent injunction described in this paragraph.

22     4.3     The Proof of Claim to be executed by Class Members shall release all Released

23 Claims against the Released Defendant Parties and shall be substantially in the form contained in

24 Exhibit A-2 attached hereto; provided, however, that the failure of a Class Member to submit such

25 Proof of Claim shall have no effect on the provisions of the foregoing ¶¶4.1 and 4.2, inclusive,

26 which shall remain in full force and effect as to each of the Class Members (who have not validly

27 opted out of the Class) irrespective of any lack of submission of a Proof of Claim.

28

4.4     Upon the Effective Date, each of the Released Defendant Parties, on behalf of themselves, and their respective former and present officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Plaintiff Parties, including Lead Counsel, from all Released Defendants' Claims (including, without limitation, Unknown Claims).  For the avoidance of doubt, the releases, relinquishments and discharges provided by the Released Defendant Parties in this Stipulation do not include the release, relinquishment or discharge of any claim or cause of action that any of the Released Defendant Parties may have against an insurer for, arising out of or related to insurance coverage for, arising out of or related to the Action or any related matter or proceeding, including any derivative action based on similar allegations.

**5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund**

5.1     The Claims Administrator, subject to such supervision and direction of the Court as may be necessary or as circumstances may require, shall provide notice of the Settlement to the Class, shall administer and calculate the claims submitted by Class Members, and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     Within ten (10) calendar days after the Court enters the Preliminary Approval Order, McKesson shall provide Lead Counsel or the Claims Administrator, without any charge to Lead Plaintiff or the Class, record shareholder lists, as appropriate for providing notice to the Class.  The Parties shall determine an appropriate electronic format for provision of this information.

5.3     In accordance with the schedule set forth in the Preliminary Approval Order, Lead Counsel will cause the Postcard Notice, substantially in the form of Exhibit A-4 attached hereto, to be mailed by the Claims Administrator to all shareholders of record, or nominees.  The Notice and Proof of Claim shall also be posted on the Settlement website.  In accordance with the schedule set forth in the Preliminary Approval Order, the Summary Notice, substantially in the form of Exhibit A-3 attached hereto, will also be published once in the national edition of *The Wall Street Journal*

and once over a national newswire service.  The cost of providing such notice shall be paid out of the Settlement Fund.

    5.4    The Settlement Fund shall be applied as follows:

        (a)    to pay all Notice and Administration Expenses;

        (b)    to pay all Taxes and Tax Expenses described in ¶2.8 hereof;

        (c)    to pay Lead Counsel's attorneys' fees and expenses (the "Fee and Expense Award"), if and to the extent allowed by the Court; and

        (d)    to distribute the Net Settlement Fund to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

    5.5    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with ¶¶5.6-5.9 below.

    5.6    Each Person claiming to be an Authorized Claimant shall be required to submit to the Claims Administrator a completed Proof of Claim, substantially in the form of Exhibit A-2 attached hereto, postmarked by no later than ninety (90) calendar days after the Notice Date (as defined in Exhibit A attached hereto), or such other time as may be set by the Court (the "Bar Date"), signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and as are reasonably available to such Person.

    5.7    Except as otherwise ordered by the Court, all Class Members who fail to submit a Proof of Claim by the Bar Date, or such other period as may be ordered by the Court, or who submit a Proof of Claim that is rejected, shall be forever barred from receiving any payments pursuant to the Stipulation and the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby.

5.8    The Claims Administrator shall calculate the claims of Authorized Claimants in accordance with the Plan of Allocation set forth in the Notice and approved by the Court. Following the Effective Date, the Claims Administrator shall send to each Authorized Claimant his, her, or its *pro rata* share of the Net Settlement Fund, as long as the Authorized Claimant will receive at least $10.00.

5.9    Defendants shall not have a reversionary interest in the Net Settlement Fund. If there is any balance remaining in the Net Settlement Fund after a reasonable amount of time following the date of the initial distribution of the Net Settlement Fund, Lead Counsel shall, if feasible, reallocate such balance among Authorized Claimants who negotiated the checks sent to them in the initial distribution and who would receive at least $10.00 in an equitable and economical fashion. These reallocations shall be repeated until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance shall then be donated to the Investor Protection Trust.

5.10    The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the processing, review, determination or calculation of any claims, the distribution of the Net Settlement Fund, the Plan of Allocation, the payment or withholding of Taxes, or any losses incurred in connection therewith.

5.11    Defendants shall take no position with respect to the Plan of Allocation or any other such plan as may be approved by the Court.

5.12    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund, including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the Settlement set forth therein, or any other orders entered pursuant to the Stipulation. Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court disapproves or modifies the Plan of Allocation.

5.13    No Person shall have any claim against Lead Plaintiff, the Class, Lead Counsel, Released Defendant Parties, Defendants' Counsel, or the Claims Administrator based on distributions made substantially in accordance with the Settlement, the Stipulation, and the Plan of Allocation, or otherwise as further ordered by the Court.

**6.    Lead Counsel's Attorneys' Fees and Expenses**

6.1    Lead Counsel may submit an application or applications (the "Fee and Expense Application") for: (a) an award of attorneys' fees; plus (b) expenses or charges in connection with prosecuting the Action; plus (c) any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court. Any and all such fees, expenses and costs awarded by the Court shall be payable solely out of the Settlement Fund. Defendants shall take no position on the Fee and Expense Application.

6.2    The attorneys' fees and expenses, as awarded by the Court, shall be paid to Lead Counsel from the Settlement Fund, as ordered, immediately upon entry of the Court's order awarding such fees and expenses. This provision shall apply notwithstanding timely objection to, potential for appeal from, or collateral attack on, the Settlement or the award of fees and expenses. Any such awards shall be paid solely by the Settlement Fund. In the event that the Judgment or the order awarding such fees and expenses paid to Lead Counsel pursuant to ¶6.1 and this ¶6.2 is reversed or modified, or if the Settlement is cancelled or terminated for any reason, then Lead Counsel shall, in an amount consistent with such reversal, modification, termination or cancellation, refund such fees or expenses to the Settlement Fund pursuant to ¶2.9, plus the interest earned thereon, within twenty-one (21) calendar days from receiving notice from Defendants' Counsel or from a court of competent jurisdiction. Lead Counsel, as a condition of receiving such fees or expenses on behalf of itself and each partner and/or shareholder of it, agrees that it and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3    The procedure for and the allowance or disallowance by the Court of the Fee and Expense Application, with all amounts to be paid out of the Settlement Fund, are not part of the Settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense

Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement of the Action.

6.4    Defendants shall not have any responsibility for any payment of attorneys' fees and expenses to Lead Counsel or any Class Member's counsel or any amount to Lead Plaintiff apart from payment of the Settlement Amount pursuant to ¶2.1.

**7.    Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1    The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)    execution of the Stipulation and such other documents as may be required to obtain final Court approval of the Stipulation in a form satisfactory to the Settling Parties;

(b)    the Settlement Amount has been deposited into the Escrow Account;

(c)    the Court has entered the Preliminary Approval Order, substantially in the form of Exhibit A hereto, as required by ¶3.1 hereof;

(d)    McKesson has not exercised its option to terminate the Stipulation pursuant to ¶7.3 hereof;

(e)    the Court has entered the Judgment that, *inter alia*, dismisses with prejudice the Action, as to the Lead Plaintiff and other Class Members, and as against each of the Defendants, as set forth above; and

(f)    the Judgment has become Final, as defined in ¶1.12 hereof.

7.2    Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.    If all of the conditions specified in ¶7.1 hereof are not met, then the Stipulation shall be canceled and terminated subject to ¶7.4 hereof unless Lead Counsel and Defendants' Counsel mutually agree in writing to proceed with the Settlement.

7.3    If, prior to the Settlement Hearing, Persons who otherwise would be members of the Class have timely and validly requested exclusion from the Class in accordance with the provisions

of the Preliminary Approval Order and the Notice given pursuant thereto, and if those Persons collectively meet the criteria set forth in a separate Supplemental Agreement Regarding Requests for Exclusion ("Supplemental Agreement") executed between Lead Plaintiff and Defendants, then McKesson shall have the option to terminate this Stipulation and Settlement in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless and until a dispute between Lead Plaintiff and Defendants concerning its interpretation or application arises.

7.4     Unless otherwise ordered by the Court, in the event the Stipulation shall terminate, or be canceled, or shall not become effective for any reason, within twenty-one (21) calendar days after written notification of such event is sent by Defendants' Counsel to the Escrow Agent, the Settlement Fund (including accrued interest), less expenses which have either been incurred or disbursed pursuant to ¶¶2.7 or 2.8 hereof, shall be refunded pursuant to written instructions from Defendants' Counsel to the party, parties or insurers that paid the Settlement Amount. At the request of Defendants' Counsel, the Escrow Agent or its designee shall apply for any tax refund owed on the Settlement Fund and pay the proceeds, after deduction of any expenses incurred in connection with such application(s) for refund, at the written direction of Defendants' Counsel to the party, parties or insurers that paid the Settlement Amount.

7.5     In the event that the Stipulation is not approved by the Court or the Settlement set forth in the Stipulation is terminated or fails to become effective in accordance with its terms, the Settling Parties shall be restored to their respective positions in the Action as of September 27, 2022. In such event, the terms and provisions of the Stipulation, with the exception of ¶¶1.1-1.38, 2.7-2.8, 7.2, and 8.3 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*, and the Settling Parties shall be deemed to return to their status as of September 27, 2022. No order of the Court or modification or reversal on appeal of any such order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees and expenses, interest, or

1  other payment awarded by the Court to Lead Counsel shall constitute grounds for cancellation or

2  termination of the Stipulation.

3      **8.    Miscellaneous Provisions**

4      8.1    The Settling Parties (a) acknowledge that it is their intent to consummate this

5  Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and

6  implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish

7  the foregoing terms and conditions of the Stipulation expeditiously.

8      8.2    The Settling Parties intend this Settlement to be a final and complete resolution of all

9  disputes between them with respect to the Action.  The Settlement shall not be deemed an admission

10 by any Settling Party or any of the Released Parties as to the merits of any claim or defense.  The

11 Settling Parties and their counsel agree that they shall not assert any claims of any violation of Rule

12 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense or

13 settlement of the Action, and the Final Judgment shall contain a finding that all Settling Parties and

14 their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution,

15 defense, and resolution of the Action.  The Settling Parties agree that the amount paid to the

16 Settlement Fund and the other terms of the Settlement were negotiated in good faith at arm's length

17 by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with

18 competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party

19 determines to be appropriate, any contention made in any public forum regarding the Action,

20 including that the Action was brought or defended in bad faith or without a reasonable basis.

21     8.3    Neither the Stipulation nor the Settlement contained herein, nor any act performed or

22 document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be

23 deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim,

24 or of any wrongdoing or liability of the Released Defendant Parties; or (b) is or may be deemed to be

25 or may be used as an admission of, or evidence of, any fault or omission of any of the Released

26 Defendant Parties; or (c) is or may be deemed to be or may be used as an admission or evidence that

27 any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater

28 than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court,

administrative agency, or other tribunal.  The Released Defendant Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

8.4    Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

8.5    All agreements made and orders entered during the course of the Action relating to the confidentiality of documents and information shall survive this Stipulation.

8.6    All of the Exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

8.7    The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

8.8    No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be valid or effective unless in writing and signed by or on behalf of all Settling Parties or their respective successors-in-interest.  No waiver of any term or provision of this Stipulation, or of any breach or default hereof or hereunder, shall be construed as a waiver of the same or any other term or provision or of any previous or subsequent breach thereof.

8.9    The Stipulation and the Exhibits attached (together with the Supplemental Agreement referred to in ¶7.3) hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any Settling Party concerning the Stipulation or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.  Except as otherwise provided herein each Settling Party shall bear its own costs.

8.10    The Settlement is not conditioned upon the settlement or approval of settlement of any derivative lawsuits or other lawsuits. Nor shall the Settlement be conditional upon the obtaining of any judicial approval of any releases between or among Defendants and/or any third parties.

8.11    This Stipulation shall be construed and interpreted to effectuate the intent of the Settling Parties, which is to resolve completely those claims and disputes, including in the Action, and as more fully described herein. If any provision of this Stipulation shall be determined to be invalid, void, or illegal, such provision shall be construed and amended in a manner that would permit its enforcement, but in no event shall such provision affect, impair, or invalidate any other provision hereof.

8.12    Neither the Class Members nor Defendants shall be bound by the Stipulation if the Court modifies material terms thereof; provided, however, that it shall not be a basis for Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Authorized Claimants, or the Plan of Allocation is modified on appeal. Nor shall it be a basis to terminate the Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to attorneys' fees or expenses or the distribution of the Net Settlement Fund. Notwithstanding any such modification of the terms or Plan of Allocation or the Stipulation with respect to attorneys' fees or expenses, Defendants and Defendants' insurers shall be entitled to all benefits of the Settlement and shall not, under any circumstances, be called upon to contribute additional funds in addition to the Settlement Fund.

8.13    Lead Counsel, on behalf of the Class, is expressly authorized by Lead Plaintiff to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which it deems appropriate.

8.14    Each counsel or other Person executing the Stipulation or any of its Exhibits on behalf of any Settling Party hereby warrants that such Person has the full authority to do so.

8.15    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given: (i) when delivered personally to the recipient; (ii) one (1) business day after being sent to the recipient by UPS (charges prepaid); or (iii) five (5) business days

after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

      If to Lead Plaintiff or to Lead Counsel:

            Ellen Gusikoff Stewart
            Robbins Geller Rudman & Dowd LLP
            655 West Broadway, Suite 1900
            San Diego, CA 92101

      If to Defendants or to Defendants' Counsel:

            Sara B. Brody
            Sidley Austin LLP
            555 California Street, Suite 2000
            San Francisco, CA 94104

      8.16    The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

      8.17    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Settling Parties hereto.

      8.18    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in the Stipulation.

      8.19    Pending approval of the Court of the Stipulation and its Exhibits, all proceedings in this Action shall be stayed, and all members of the Class shall be barred and enjoined from prosecuting any of the Released Claims against any of the Released Defendant Parties.

      8.20    This Stipulation and the Exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California, without giving effect to that State's choice-of-law principles.

      8.21    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

1  the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the

2  Settling Parties and the Settling Parties have contributed substantially and materially to the

3  preparation of this Stipulation.

4         IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed,

5  by their duly authorized attorneys, on November 30, 2022.

6                                             ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
7                                             SPENCER A. BURKHOLZ
                                              ELLEN GUSIKOFF STEWART
8                                             LUKE O. BROOKS
                                              CHRISTOPHER D. STEWART
9                                             JEFFREY J. STEIN
                                              ANDREW W. HUTTON
10                                            ERIKA OLIVER
                                              NATALIE F. LAKOSIL

11

12                                            _____
                                                     LUKE O. BROOKS
13

14                                            655 West Broadway, Suite 1900
                                              San Diego, CA  92101
15                                            Telephone:  619/231-1058
                                              619/231-7423 (fax)
16
                                              ROBBINS GELLER RUDMAN
17                                                & DOWD LLP
                                              SHAWN A. WILLIAMS
18                                            Post Montgomery Center
                                              One Montgomery Street, Suite 1800
19                                            San Francisco, CA  94104
                                              Telephone:  415/288-4545
20                                            415/288-4534 (fax)

21                                            Lead Counsel for Lead Plaintiff

22                                            SIDLEY AUSTIN LLP

23

24                                            _____
                                                     SARA B. BRODY
25                                            SARA B. BRODY
                                              JAIME A. BARTLETT
26                                            555 California Street, Suite 2000
                                              San Francisco,  CA 94104
27                                            Telephone:  415/772-1200
                                              415/772-7400 (fax)

28

1

2    SIDLEY AUSTIN LLP
     ROBIN WECHKIN
3    8426 316th Place Southeast
     Issaquah, WA  98027
4    Telephone:  415/439-1799

5    SIMPSON THACHER & BARTLETT LLP
     SIMONA G. STRAUSS
6    2475 Hanover Street
     Palo Alto, CA  94304
7    Telephone:  650/251-5000
     650/251-5002 (fax)
8
     SIMPSON THACHER & BARTLETT LLP
9    JONATHAN K. YOUNGWOOD
     425 Lexington Avenue
10   New York, NY  10017
     Telephone:  212/455-2000
11   212/455-2502 (fax)

12   Attorneys for Defendants

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on November 30, 2022, I authorized the

electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will

send notification of such filing to the email addresses on the attached Electronic Mail Notice List,

and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service

to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Luke O. Brooks
LUKE O. BROOKS

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

Email:  lukeb@rgrdlaw.com

**Mailing Information for a Case 3:18-cv-06525-CRB Evanston Police Pension Fund v. McKesson Corporation et al**

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael Albert**
  malbert@rgrdlaw.com,MAlbert@ecf.courtdrive.com,e_file_SD@rgrdlaw.com

- **Jaime Allyson Bartlett**
  jbartlett@sidley.com,sfefilingnotice@sidley.com,zalam@sidley.com,tberninzoni@sidley.com,jamie-bartlett-0904@ecf.pacerpro.com,enorwood@sidley.com,tmagana@sidley.com,zarine-alam-6203@ecf.pacerpro.com,sfdocket@sidley.com,dgiusti@sidley.com,rwechkin@sidley.com

- **Sara B. Brody**
  sbrody@sidley.com,ddelarocha@sidley.com,shemmendinger@sidley.com,sfdocket@sidley.com,therron@sidley.com,bgillig@sidley.com,sara-brody-9555@ecf.pacerpro.com

- **Luke O Brooks**
  lukeb@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Spencer A. Burkholz**
  SpenceB@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Jonah Goldstein**
  jonahg@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Andrew Winfield Hutton**
  dhutton@rgrdlaw.com

- **Natalie Francis Lakosil**
  NLakosil@rgrdlaw.com

- **Ryan Anthony Llorens**
  ryanl@rgrdlaw.com

- **Tricia Lynn McCormick**
  triciam@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Erika Limpin Oliver**
  eoliver@rgrdlaw.com,E_File_SD@rgrdlaw.com,susanw@rgrdlaw.com

- **Laurence Matthew Rosen**
  lrosen@rosenlegal.com,larry.rosen@earthlink.net,lrosen@ecf.courtdrive.com

- **Jeffrey James Stein**
  jstein@rgrdlaw.com,JStein@ecf.courtdrive.com,kmccormack@rgrdlaw.com

- **Christopher Dennis Stewart**
  CStewart@rgrdlaw.com

- **Simona Gurevich Strauss**
  sstrauss@stblaw.com,eamonn.campbell@stblaw.com,andrew.marrero@stblaw.com,janie.franklin@stblaw.com,katerina.siefkas@stblaw.com,sblake@stblaw.com

- **Lesley Elizabeth Weaver**
  lweaver@bfalaw.com,emily-aldridge-5965@ecf.pacerpro.com,lesley-weaver-4669@ecf.pacerpro.com

- **Robin Eve Wechkin**
  rwechkin@sidley.com,robin-wechkin-9585@ecf.pacerpro.com,sfefilingnotice@sidley.com,sfdocket@sidley.com,mhanhan@sidley.com,enorwood@sidley.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,ShawnW@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jonathan K. Youngwood**
  jyoungwood@stblaw.com,7448332420@filings.docketbird.com,ManagingClerk@stblaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)