ROBBINS GELLER RUDMAN
  & DOWD LLP
SPENCER A. BURKHOLZ (147029)
ELLEN GUSIKOFF STEWART (144892)
LUKE O. BROOKS (212802)
CHRISTOPHER D. STEWART (270448)
JEFFREY J. STEIN (265268)
ANDREW W. HUTTON (172033)
ERIKA OLIVER (306614)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
spenceb@rgrdlaw.com
elleng@rgrdlaw.com
lukeb@rgrdlaw.com
cstewart@rgrdlaw.com
jstein@rgrdlaw.com
dhutton@rgrdlaw.com
eoliver@rgrdlaw.com

Lead Counsel for Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| EVANSTON POLICE PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 3:18-cv-06525-CRB |
|---|---|---|
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES |
| vs. | ) ) | |
| MCKESSON CORPORATION, et al., | ) ) | |
| Defendants. | ) ) | |

This matter having come before the Court on July 14, 2023, on Lead Counsel's motion for an award of attorneys' fees and expenses (ECF 283) in the above-captioned action; the Court having considered all papers filed and proceedings conducted herein and otherwise being fully informed of the matters hereto and good cause appearing therefore;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1.      For purposes of this Order, the terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated November 30, 2022 (the "Stipulation").  ECF 277.

2.      This Court has jurisdiction over the subject matter of this Action and all matters relating hereto, including all members of the Class who have not timely and validly requested exclusion.

3.      Notice of Lead Counsel's motion for attorneys' fees and payment of expenses was given to all Class Members who could be identified with reasonable effort.  The form and method of notifying the Class of the motion for attorneys' fees and expenses met the requirements of Rules 23 and 54 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, due process, and any other applicable law, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.

4.      The Court hereby awards Lead Counsel attorneys' fees of 25% of the net Settlement Amount (i.e., the Settlement Amount less expenses), plus expenses in the amount of $1,027,452.95, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is appropriate, fair, and reasonable under the "percentage-of-recovery" method given the substantial risks of non-recovery, the contingent nature of the representation, awards in similar cases, the time and effort involved, and the result obtained for the Class. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049-50 (9th Cir. 2002).

5.      Ninety percent of the awarded attorneys' fees and expenses and interest earned thereon shall be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, the terms, conditions, and obligations of which are incorporated herein. The remaining ten percent shall be paid to Lead Counsel after post-distribution accounting has been filed.

6.      In making this award of fees and expenses to Lead Counsel, the Court has considered and found that:

(a)      the Settlement has created a fund of $141,000,000 in cash that is already on deposit, and numerous Class Members who submit, or have submitted, valid Proof of Claim forms will benefit from the Settlement created by Lead Counsel;

(b)      over 510,500 copies of the Postcard Notice were disseminated to potential Class Members indicating that Lead Counsel would move for attorneys' fees not to exceed 25% of the Settlement Amount and for expenses in an amount not to exceed $1,500,000, plus interest thereon, and no objections to the fees or expenses were filed by Class Members;

(c)      Lead Counsel has pursued the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

(d)      Lead Counsel has expended substantial time and effort pursuing the Action on behalf of the Class;

(e)      Lead Counsel pursued the Action on a contingent basis, having received no compensation during the Action, and any fee amount has been contingent on the result achieved;

(f)      the Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(g)      had Lead Counsel not achieved the Settlement, there would remain a significant risk that the Class may have recovered less or nothing from Defendants;

1    (h)    Lead Counsel has devoted over 44,160 hours, with a lodestar value of

2    $27,519,601.50 to achieve the Settlement;

3    (i)    Lead Plaintiff approved the amount of attorneys' fees awarded as fair and

4    reasonable; and

5    (j)    the attorneys' fees and expenses awarded are fair and reasonable and

6

7    consistent with awards in similar cases within the Ninth Circuit.

8    IT IS SO ORDERED.

9    DATED:    _____July 14, 2023_____    _____

                                                THE HONORABLE CHARLES R. BREYER
10                                              SENIOR UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28